Treat, C. J. A party cannot rescind a contract of sale, and at the same time retain the consideration he has received. He cannot affirm the contract as to part, and avoid the residue, but must rescind it in toto. He must put the other party in as good a condition as he was before the sale, by a return of the property purchased. There may be an exception where the subject matter of the sale is entirely worthless. But if it is of any benefit to the seller, the purchaser must restore it before he can put an end to the contract. In this case, the defendant rested his defence solely on the ground that there was fraud in the sale, and that he had disaffirmed the contract by restoring the property. The proof failed to show that it was returned. The defendant called at the plaintiff’s shop and stated to a person, casually there, that he had brought back the team, and then fastened it in the vicinity. He did not declare the purpose for which it was brought back, or for whom it was intended. The plaintiff was soon after informed that the team was there, but he was not apprised of the purpose for which it was left. He was not even notified that the defendant was dissatisfied with his purchase. It does not appear that he ever took charge of .the property, or attempted to exercise the least' control over it. The defendant should have tendered the property to the plaintiff or Ms agent, and at the same time made known his object in so doing. A tender is stricti juris, and oright to be made out clearly. But if there was a tender of the property, the plaintiff was under no obligations to receive it. It was not in the condition in which the defendant received it. He did not offer to place the plaintiff in as good a condition as he was before he parted with the property. One of the horses had in the meantime become valueless. On either ground, the verdict was unauthorized, and a new trial should have been granted. The judgment is reversed, and the cause remanded. Judgment reversed.