Jennings *v.* Gage et al.

JOHN D. JENNINGS, Plaintiff in Error, *v.* ICHABOD GAGE et al., Defendants in Error.

ERROR TO COOK.

A party cannot rescind a contract and at the same time retain the consideration, in whole or in part, which he has received under it. He must rescind the contract *in toto*, or not at all.

If goods are simply contracted to a party, but never actually sold and delivered to him, he has no right to the possession, till the contract is consummated; and if he, under such circumstances, obtain possession of them surreptitiously and without the consent of the other party, such other party can recover the possession without a rescission of the contract.

There is a material distinction between a sale and delivery of goods, and a mere contract for a sale. In the one case, the title to the goods passes to the vendee; in the other it remains with the original owner.

It is only when a vendor seeks to avoid the contract under which he has parted with his goods, that a return of the consideration he has received under such contract becomes necessary.

The good faith of a transaction is a matter peculiarly appropriate for the consideration of a jury.

The loss of title to goods, as between parties equally innocent, should fall upon him who has voluntarily transferred to another such possession of them as enabled him to commit the fraud, even in cases which would authorize a rescission of the sale and a recovery of the goods from the vendee.

It is a universal and fundamental principle of the law of personal property, that no man can be divested of it without his consent. But if he consent to the transfer of such property, though such consent be temporary only and obtained by fraud, and therefore revocable as against such unfair purchaser, an honest purchaser from him will be protected, and the first owner must bear the loss.

THE facts of this case are sufficiently stated in the opinion of the court.

This cause was heard before T. L. DICKEY, Judge, and a jury, at May term, 1851. Jennings sued out this writ of error.

ARNOLD & LAY, for plaintiff in error.

G. GOODRICH, for defendants in error.

TRUMBULL, J. Gage, Dater, and Massey, merchants in the city of New York, sold to Van Valin a bill of goods, taking in payment his notes at four, six, and nine months, secured by a mortgage on real estate in Wisconsin. The goods to be shipped to Chicago, but not to be delivered to Van Valin till he gave an indorser on the notes satisfactory to J. H. Burch. The goods were accordingly forwarded to Van Valin, care of James Peck & Co., warehousemen, Chicago, who were instructed by Burch not to deliver them without directions from him. Van Valin, however, paid the charges and obtained the possession of the goods without giving the indorser, and subsequently sold them to Jennings, the defendant in the court below.

Gage, Dater & Co. demanded the goods of Jennings, and on his refusal to deliver them brought trover for their value, and recovered a judgment for $1339.74.

Among other instructions the defendant asked the court to give to the jury the following: " If the jury believe, that plain-

tiffs in this case contracted to sell the bills of goods sued for in this case to Henry Van Valin, defendant's vendor, and received the notes of Van Valin, part secured by mortgage on property in Wisconsin and the balance to be secured by a good indorser, or that an indorser in addition to the security given by mortgage was to be given for the whole amount of the goods, still if the mortgage was given by Van Valin, before the plaintiffs would be entitled to recover of the defendant, the plaintiffs must show that they have restored the mortgage, or cancelled the same, or offered to cancel the same, and if they have not done either, the law is with the defendant."

" If the jury believe, from the evidence, that Jennings purchased the goods in good faith of Van Valin, and that at the time of such purchase Van Valin had actual possession of such goods, and that they were marked in New York by plaintiffs with Van Valin's name, and transmitted to him at Chicago and there actually delivered to him by the plaintiffs' agent and consignee, then as against Jennings the plaintiffs cannot recover."

The first of the above instructions the court refused to give, and gave the second, with this qualification : " If however the agreement between the plaintiffs and Van Valin was, that the goods were only to be delivered to Van Valin upon the condition of his giving security for the price, then if the possession was obtained by Van Valin without giving the security agreed upon and in violation of the agreement, then he derived no title to the goods which he could sell to Jennings, even if Jennings was a purchaser in good faith and for a valuable consideration."

The refusal to give the first instruction and the giving of the other with the qualification, present the only questions arising in the case.

It is a rule that a party cannot rescind a contract and at the same time retain the consideration, in whole or in part, which he has received under it. He must rescind the contract *in toto*, or not at all. Hogan *v.* Weyer, 5 Hill, 390 ; Moyer *v.* Shoemaker, 5 Barb. Sup. Ct. Rep. 322 ; Buchenau *v.* Horney, 12 Ill. 336.

The first of defendant's instructions was not however, based upon the supposition that Van Valin received the goods under

the contract of purchase, and unless he did so receive them, that instruction and several others of precisely similar character were properly refused as inapplicable to the facts of this case.

If the goods were simply contracted to Van Valin but never actually sold and delivered to him, he had no right to the possession till such contract was consummated; and if, under such circumstances, he obtained the possession surreptitiously and without the consent of the plaintiffs, they could recover it again without a rescission of the contract.

There is a material distinction between a sale and delivery of goods, and a mere contract for a sale. In the one case, the title to the goods passes to the vendee; in the other it remains with the original owner. Upon the hypothesis assumed in the instruction, that the goods were merely contracted to be sold to Van Valin, as applied to the facts of this case, it is clear that the title to the property was not changed, and the plaintiffs had the right, without the rescission of a contract which did not change the title to the goods, to recover their possession or value against one who had wrongfully taken them away.

It is only when the vendor seeks to avoid the contract under which he has parted with his goods, that a return of the consideration he has received under such contract becomes necessary.

The right to recover in this case, upon the supposition that there was simply a contract for the sale of the goods, which were not to be delivered except further security was given, did not depend on the rescission of such contract; hence it was unnecessary that the plaintiffs, before bringing suit, should have cancelled the mortgage which had been given in part security for the price of the goods, as they were not seeking to avoid the contract for their sale or to recover in opposition to it, and defendant's instructions upon this branch of the law were properly refused, as inapplicable to the case.

The questions of law arising upon the other instruction, and the qualification annexed, are of a different character. That instruction is based on the supposition that Jennings was a purchaser of the goods in good faith and for a valuable consideration. Whether the evidence would have justified the jury in finding that he was such a purchaser is not now the question.

The good faith of the transaction was a matter peculiarly appropriate for the consideration of the jury, and as such the defendant had the right to have it submitted to and passed upon by them.

As between plaintiffs and Van Valin there is no question that the title to the goods would not pass on the state of case supposed in the instruction; but it is insisted that, as between the plaintiffs and Jennings, the law is different, and that as between them, both parties being innocent, the loss should fall upon the owners, who, by intrusting Van Valin with the possession of the goods enabled him to commit the fraud, — rather than upon Jennings, who is presumed to have acted in good faith and with proper caution. This is unquestionably the law where the owners, with the intention of sale, have voluntarily parted with the possession of the goods, and clothed the vendee with the *indicia* of ownership, though under such circumstances as would authorize a rescission of the sale and a recovery of the goods as against the vendee. Mowry *v.* Walsh, 8 Cow. 238; Rowley *v.* Bigelow, 12 Pick. 307. But this principle does not apply to sales upon condition and where the original owner has never consented to the transfer of the property. Bradeen *v.* Brooks, 22 Maine, 463; Dresser Manuf. Co. *v.* Waterston, 3 Met. 9; 2 Kent, 497. It is a universal and fundamental principle of the law of personal property that no man can be divested of it, without his own consent. Salters *v.* Everett, 20 Wend. 275; Ash *v.* Putnam, 1 Hill, 303. If he consent to the transfer of the property, though such consent be temporary only, and obtained by fraud, and therefore revocable as against such unfair purchaser, still an honest purchaser from him, will be protected, and the first owner must bear the loss. Does the instruction, as qualified by the court, exclude the idea of Van Valin having obtained possession of the goods by the consent of the plaintiffs? If it does, the instruction was correct, otherwise it was erroneous. A moment's consideration will show that all the facts, stated hypothetically in the qualification, may be true, and still Van Valin may have got the possession of the goods temporarily, by the consent of the plaintiffs. He may have obtained the possession under the false and fraudulent promise that he would afterwards

furnish the security, or he may even have furnished an indorser upon the notes satisfactory to Burch, when in fact the signature of the indorser was forged; and there are many ways in which it is possible that he may fraudulently have obtained possession of the goods without giving the security agreed upon, and in violation of his agreement, and yet by the plaintiffs' consent, for the time being. Under such circumstances a *bonâ fide* purchaser from Van Valin would be protected.

The qualification of the instruction was therefore erroneous, and the judgment must for that reason be reversed.

Judgment reversed and cause remanded.

*Judgment reversed.*