## 490                DOANE *et al. v.* LOCKWOOD *et al.*

JOHN W. DOANE *et al.*

*v.*

HENRY B. LOCKWOOD *et al.*

*Filed at Ottawa January 25, 1886.*

1. RESCISSION OF CONTRACT—*for fraud—as, in the case of a sale and delivery of goods—rights of the parties, respectively.* A sale and delivery of goods upon credit induced by fraudulent representations of the purchaser as to his financial ability, may be rescinded by the seller, within a reasonable time after discovery of the fraud, upon a return or offer to return the security taken for the price, and the goods reclaimed as against any one not an innocent purchaser for value.

2. But where the vendor has received any valuable consideration or note of the purchaser upon a sale of goods, he can not rescind the contract for fraud without first returning or offering to return the consideration received, whatever it may be.

3. Where a sale of goods is rescinded by the vendor for fraud on the part of the purchaser, it will be as though no sale had been made, and the original taking by the purchaser will be regarded as tortious and without the consent of the vendor, and the title and right of possession will at once be reinvested in him. But until the contract is rescinded, both the title and the right of possession will remain in the purchaser, and replevin by the vendor will be premature.

4. REPLEVIN—*by vendor against fraudulent purchaser—whether retorno habendo awarded.* Where the vendor of goods brings replevin against a fraudulent perchaser, without having rescinded the sale by an offer to return the note given for the price, he must fail; but if, after suit brought and before trial, he offers to return the note, and thereby rescinds the sale, the court should not order a return of the property, but should only give judgment against the plaintiff for costs, and such damages, if any, as the defendant may have sustained.

5. PRACTICE—*directing the jury to find for the defendant.* Instructing the jury to find the issues for the defendant after the plaintiff has closed his evidence, is in effect the same thing as sustaining a demurrer to the evidence, and is error, unless, admitting all that the evidence tends to prove, it is insufficient in law to sustain the action.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. Flower, Remy & Gregory, for the appellants :

If Lockwood was insolvent when he bought the goods, and did not intend to pay for them, then appellants were entitled to reclaim them, and on the question of intent, evidence of other contemporaneous frauds is admissible. *McKenney* v. *Dingley*, 4 Greenlf. 172; *Carey* v. *Hotaling*, 1 Hill, 311; *Miller* v. *Barber*, 66 N. Y. 558; *Irving* v. *Motley*, 5 M. & P. 380; *Cragan* v. *Tarr*, 32 Me. 55; *Hersey* v. *Benedict*, 15 Hun, 282; *French* v. *White*, 5 Duer, 254; *Castle* v. *Bullard*, 23 How. 172; *Wood* v. *United States*, 16 Pet. 342; *United States* v. *Tobacco*, 6 Ben. 68; *Lincoln* v. *Claflin*, 7 Wall. 132; *Gray* v. *St. John*, 35 Ill. 222.

In several well-reasoned cases in New York, evidence of much less convincing character than that shown in this record has been held ample to sustain a verdict. *Hennequin* v. *Naylor*, 24 N. Y. 139; *Byrd* v. *Hall*, 2 Keyes, 647; *Johnson* v. *Monell*, id. 655; *Devo* v. *Brandt*, 53 N. Y. 462.

The general principle that goods sold on a credit obtained by false representations by the vendee, may be reclaimed, is so familiar as to need no citation of authorites in its support, but those above cited fully sustain it. The cases last cited hold that such reclamation may be made where the vendee buys not intending to pay, even though he make no false representations. And similar doctrine is held in other cases. *Talcott* v. *Henderson*, 31 Ohio St. 162; *Powell* v. *Bradlee*, 9 Gill & J. 220.

A demand of the goods from the sheriff was not necessary before bringing replevin. *Dow* v. *Sanburn*, 3 Allen, 181; *Kellogg* v. *Turpie*, 93 Ill. 265.

A sheriff taking goods so bought under execution or attachment against a fraudulent vendee thereof, stands in the same position as such vendee, and no demand is necessary. *Schweizer* v. *Tracy*, 76 Ill. 345; *Express Co.* v. *Willsie*, 79 id. 92; *Bussing* v. *Rice*, 2 Cush. 48; *Asher* v. *Campbell*, 23 Wend. 372; *Buffington* v. *Girrish*, 15 Mass. 156.

The question of demand goes merely to the issues made by the pleas *non cepit* and *non detinet,* and when the defendants appear and submit, by pleas of property in themselves, their rights to the property, they waive proof of demand. *Redding* v. *Page,* 52 Iowa, 406; *Smith* v. *McLean,* 24 id. 322; *Cranz* v. *Kroger,* 22 Ill. 74; *Johnson* v. *How,* 2 Gilm. 342; *Lewis* v. *Smart,* 67 Me. 206.

As the failure by plaintiff to prove demand only entitles the defendant to a verdict in his favor on the pleas of *non cepit* and *non detinet,* no return of the property will in such case be awarded to him. *Bourk* v. *Riggs,* 38 Ill. 320; *Hanford* v. *Obrecht,* id. 493; *Mattson* v. *Hanisch,* 5 Bradw. 102.

If a demand of the goods were necessary, a failure to make it does not warrant a return of the goods, and a surrender of the notes given for the price at or before the trial is sufficient. *Whitcomb* v. *Denio,* 52 Vt. 382; *Williamson* v. *Railroad Co.* 29 N. J. Eq. 311.

Messrs. HORTON, HOYNE & SAUNDERS, for the appellees:

Although the purchase of the goods was obtained by fraudulent representations of the vendee, the sale was not void, but only voidable at the option or election of the vendor. The sale is valid until rescinded by the vendor. Wells on Replevin, sec. 372; *McCoy* v. *Rock,* 50 Ind. 283; *Thayer* v. *Turner,* 8 Metc. 552; *Bowen* v. *Schuler,* 41 Ill. 195; *Schweizer* v. *Tracy,* 76 id. 348.

To sustain the action of replevin for wrongful taking and detaining a personal chattel, it is necessary to show that the defendant wrongfully took it from the actual or constructive possession of the plaintiff. This is elementary law. *Simmons* v. *Jenkins,* 76 Ill. 482; *Johnson* v. *Prussing,* 4 Bradw. 578; 2 Story on Contracts, sec. 1087.

Even if appellants had a right under the facts in this case to rescind the sale, they must have done so before this suit was commenced, or they can not recover. This is well settled in

two recent cases in this court hereinafter quoted from. *Railway Co.* v. *Noe,* 77 Ill. 514; *Moriarty* v. *Stofferan,* 89 Ill. 529.

Where notes had been given, as in the case at bar, it was "preliminary to a rescission of the contract" that such notes should have been returned or cancelled. *Staley* v. *Murphy,* 47 Ill. 244; *Snyder* v. *Sandling,* 57 id. 488; *Comstock* v. *Brasseau,* 65 id. 42; *Carney* v. *Newberry,* 24 id. 206.

· The fact that there was no demand or refusal to return the goods, is fatal to a recovery. *Moriarty* v. *Stofferan,* 89 Ill. 529; *Railway Co.* v. *Noe,* 77 id. 514; *Clark* v. *Lewis,* 35 id. 423; *Ingalls* v. *Bulkley,* 13 id. 317; *Thayer* v. *Turner,* 8 Metc. 552; *Holladay* v. *Bertholomae,* 11 Bradw. 208.

Demand must be made before suit is begun. Wells on Replevin, sec. 371; *Chennyworth* v. *Daily,* 7 Porter, (Ind.) 284; *Boughton* v. *Bruce,* 20 Wend. 234; *Darling* v. *Tegler,* 30 Mich. 54; *Brown* v. *Holmes,* 13 Kan. 482; *Alden* v. *Carver,* 13 Iowa, 254.

Demand and refusal are necessary in all cases when the defendant obtains possession lawfully. 1 Chitty's Pleading, (15th Am. ed.) *157; *Railway Co.* v. *Noe,* 77 Ill. 513.

Where an officer levies an execution on property in the possession of the defendant in the execution as his property, he only discharges his duty, and his possession is lawful, and if another party claims the goods he must make a demand before he can maintain replevin for them; but if the goods are in the possession of the party so claiming them when levied on, then no demand is necessary. *Tuttle* v. *Robinson,* 78 Ill. 333; *Corbin* v. *Pearce,* 81 id. 463.

Wells on Replevin, sec. 368, says: "Where an officer holding proper legal process takes goods from the possession of the defendant named in his writ, he is but doing his duty, and his possession is lawful, so that replevin can not be maintained against him without demand,"—citing *Vose* v. *Stickney,* 8 Minn. 75; *Danniel* v. *Gorham,* 6 Cal. 43; *Taylor* v. *Seymour,* 6 id. 512; *Killey* v. *Scannell,* 12 id. 73; *Bond* v.

*Ward,* 7 Mass. 123; *Shumway* v. *Rutter,* 8 Pick. 443; *Bancroft* v. *Blizzard,* 13 Ohio, 30.

Mr. Justice Scott delivered the opinion of the Court: .

This action was commenced in replevin in the Superior Court, by John W. Doane, against Henry B. Lockwood, and Orrin L. Mann, and was to recover a certain quantity of tea of the value of $2000. Afterwards, by leave of court, the pleadings were so amended as to make John H. Adams and Henry J. Sawdy co-plaintiffs with the original plaintiff. Defendant Mann was the sheriff of Cook county, and was the defendant in whose hands or possession the goods were found by the officers serving the writ of replevin. The declaration is in the usual form, and charges defendants with the wrongful taking and detention of the goods, and to which defendant Lockwood pleaded *non cepit, non detinet,* and property in himself, and his co-defendant, Mann, pleaded *non cepit, non detinet,* and also a plea of justification that he took the property replevied as the property of his co-defendant, Lockwood, by virtue of an execution issued on a judgment against him and in favor of Carter, Hawley & Macy, and which had been delivered to him as sheriff of Cook county, and that the goods were, in fact, the property of the defendant in the execution. Issues were joined on the pleas of *non cepit* and *non detinet,* and replications to the pleas of property in Lockwood were filed, upon which issues were formed. After plaintiffs had introduced their evidence and rested the case, the court, on motion of defendants, instructed the jury to find the issues for defendant, which they did. Plaintiffs then entered a motion for a new trial, which the court overruled, and entered a judgment on the verdict. That judgment was affirmed in the Appellate Court for the First District, and plaintiffs bring the case to this court on their further appeal.

Instructing the jury to find the issues for defendant, is, in effect, the same thing as sustaining a demurrer to the

evidence. In either case the court holds, that, admitting all the evidence tends to prove, it is not sufficient in law to sustain the action. It will therefore be necessary, in order to pass on the correctness of the ruling of the court, to ascertain what facts the evidence tends to establish. It is seen there is evidence to the effect plaintiffs were induced, by fraudulent representations made to them by defendant Lockwood as to his financial ability, to sell the goods replevined to him, on four months' credit, for which plaintiffs took Lockwood's promissory note. It seems the goods were delivered to Lockwood immediately after the sale to him, and shortly thereafter sheriff Mann levied upon them by virtue of the execution in his hands, as the property of Lockwood, and thereupon plaintiffs replevied the same. As there is evidence tending to show the goods were obtained from plaintiff by fraud on the part of Lockwood, that fact will be regarded as sufficiently proved. That being so, the plaintiffs had the clear right to rescind the contract of sale so soon as they discovered the fraud practiced upon them, and could reclaim the goods from any one not an innocent purchaser for value. That, plaintiffs undertook to do by commencing their suit in replevin to recover the possession of the goods. The fact the goods were obtained from the plaintiff by fraudulent representations made by Lockwood, does not appear to have been controverted at the trial. Indeed, the motion made by defendants to have the court instruct the jury to find the issues for defendant, was based on other grounds: First, because the rescission of a sale must be before suit brought; second, without a demand this suit can not be maintained, no matter what the other facts are; and third, that a rescission must be *in toto*, and can not be as to a part. It was for these reasons the court was asked to charge the jury as it did.

The making of a motion for the reasons stated, as was done, is an admission, by necessary implication, the fraud of Lockwood was such that plaintiffs had the right to rescind

the contract of sale, and hence the taking by Lockwood would
be regarded in law as a tortious taking without the consent
of plaintiffs.   Conceding, then, as must be done, the making
of the sale to Lockwood was procured by fraud, was it in-
dispensable, before plaintiffs could replevy the goods, there
should be a formal rescinding of the contract of sale, by
returning to or offering to surrender to him the notes taken
for the goods ?   That is one of the principal questions made
on this record.   Undoubtedly, the law is, where a party has
received any valuable consideration upon the sale of property,
he can not rescind the contract for fraud without first return-
ing to or offering to return to the purchaser the consideration
received, whatever it may be.   The title of the fraudulent
purchaser is subject to be divested, at the election of the
seller, within any reasonable time after the fraud is dis-
covered.   When a sale is thus rescinded for fraud, it is as
though no sale of the property had been made, and in that
event the original taking will be regarded as a tortious taking
without the consent of the vendor, and the title at once
becomes reinvested in him, as though it had never been
divested.   Until the contract is rescinded, it is obvious both
the title and the right of possession remain in the fraudulent
purchaser.   This precise question arose in *Moriarty* v. *Stof-
feran,* 89 Ill. 528, and it was there held that in case of fraud
on the part of the vendee of chattels, where nothing but the
promissory note of the vendee and another was received, the
vendor, to rescind the sale, must return the note, and this
must be done before replevin brought, otherwise the action
was premature.   The same doctrine was declared in *Buche-
nau* v. *Horney,* 12 Ill. 336, and in *Smith* v. *Doty,* 24 id. 163.
The case of *Ryan* v. *Brant,* 42 Ill. 78, was not an action of
replevin, and is not, for that reason, inconsistent with *Mori-
arty* v. *Stofferan, supra.*   That was an action of trespass, and
the offer to surrender the notes received, to defendant, at the
trial, on receiving a verdict, was held sufficient in law to

place the vendee *in statu quo*, and therefore authorize plaintiff to recover his damages. There is no pretence plaintiffs in this case offered to surrender the notes taken for the goods, before this suit was commenced, and it follows that as the contract of sale had, not been rescinded, both the title and the right of possession were in defendant Lockwood, and according to the doctrine of the cases cited, plaintiffs could not sustain their action.

But after this action had been commenced, and before the cause came to trial, plaintiffs did offer to surrender to Lockwood his notes, and in that way did rescind the contract of sale on account of the fraud practiced upon them by Lockwood, and thereafter the right of immediate possession was in them. This raises the question whether the court ought to have ordered a return of the property, as it did, to the sheriff, from whose custody it had been taken. It is thought there is error in the record in this respect. Section 22, chapter 119, of the Revised Statutes of 1874, provides: "If the plaintiff in the action of replevin fails to prosecute his suit with effect, or suffers a non-suit or discontinuance, or if the right of property is adjudged against him, judgment shall be given for a return of the property, and damages for the use thereof from the time it was taken until a return thereof shall be made, unless the plaintiff shall, in the meantime, have become entitled to the possession of the property, when judgment may be given against him for costs and such damages as defendant shall have sustained." The facts of this case bring it precisely within the provisions of this statute. Since this action was commenced, plaintiffs, by rescinding the contract of sale, as they had a lawful right to do, "have become entitled to the possession of the property" in controversy, and it was error in the court to order a return of the property to the sheriff. After the contract had been rescinded, neither Lockwood nor the sheriff had any right to the property, as against plaintiffs. The law will not require the doing of a

useless thing. Should the property be returned to the sheriff, now that plaintiffs have the right to possession, they could immediately reclaim it, or perhaps they would be liable to no more than nominal damages for a non-compliance with the order of the court to return the property. The utmost the court could do, under this statute, on the facts as they appear in the record, would have been to render a judgment against plaintiffs for costs, and such damages, if any, as defendants may have sustained.

On account of the errors indicated, the judgment of the Appellate Court will be reversed, and the cause remanded to the Superior Court, with directions to enter the proper judgment.

*Judgment reversed.*