## JAMES DIAL
### v.
## W. T. PETERSON.

*Replevin—Conditional Sale—Sale by Vendee to Innocent Third Party—Notice.*

In an action of replevin brought by the vendor of a pair of mules against a purchaser of the same from his vendee, claiming that the title of the mules was in plaintiff because of an unpaid balance on the original purchase price, the sale having been, as claimed, conditional, this court holds that there was no sufficient evidence to show that the defendant was other than a *bona fide* purchaser, and that the plaintiff, having put it out of his power to return the property received by him in part payment for the mules, could not rescind the sale and therefore could not maintain replevin.

[Opinion filed February 4, 1890.]

IN ERROR to the Circuit Court of Jefferson County; the Hon. C. C. BOGGS, Judge, presiding.

Messrs. W. H. GREEN and C. H. BURTON, for plaintiff in error.

Messrs. ALBERT WATSON and GEO. B. LEONARD, for defendant in error.

GREEN, J. Defendant in error brought replevin against plaintiff in error to recover two mules, claiming to be the owner. On the trial the jury, by their verdict, found the property to be in defendant in error. Judgment was entered for him, and

defendant sued out this writ of error to reverse it.   If we give the construction to the evidence most favorable to Peterson, as to the transaction by which he parted with the mules, it appears in April, 1886, one Riley Williams came to Peterson to trade a horse and mare for them.   It was then agreed Williams was to take the mules and Peterson was to take in exchange the horse and mare and dispose of them as his own. He retained the possession of them.   Williams took the mules and was to give Peterson a chattel mortgage on them within a week, to secure $60 boot money.   He returned to Peterson within the time with the mules, but failed to execute the chattel mortgage, and Williams then again took the mules away with Peterson's consent, and they were to be the property of Peterson until such chattel mortgage was executed.   No time was fixed when this was to be done, and Peterson testifies he didn't care whether Williams ever did it. Williams kept and used the mules as his own from that time until August, 1886, when he traded them as his own property to Dial, receiving two mares and a colt in exchange.   We do not find from the evidence that Dial then had any notice of Peterson's lien upon the mules that affected the title he got from Williams, or tainted the transaction with fraud or bad faith on the part of Dial.

In the case of Gosney v. Frost, 27 Ill. 53, there was quite as strong evidence of the alleged notice to the purchaser, of title in a person other than his vendor, as is disclosed in this record, of notice to Dial, and the Supreme Court held the evidence insufficient to establish the fact of such notice as would put the purchaser on inquiry, or affect his title.   The facts in the cases cited by defendant in error on the question of notice are so different in respect to the character of the litigation, and the form and kind of notice, that those cases are not in point here.   The transaction between Peterson and Williams was not a bailment, but was either a conditional sale, or an absolute sale with a verbal agreement between the parties to the transaction that Peterson was to have a lien on the mules for $60, and was accompanied with a delivery of the possession of the property to Williams.

If it was a condition of the contract that the seller was to receive, upon delivery, a note, or security for payment at another time, he may dispense with that condition, and it will be deemed waived by a voluntary and absolute delivery without a concurrent demand of the security. But if the delivery in that case be accompanied with a declaration on the part of the seller that he should not consider the goods as sold until the security be given, or if that be the implied understanding of the parties, the sale is conditional, and the property does not pass by the delivery as between the original parties, though as to subsequent *bona fide* purchasers or creditors of the vendor the conclusion might be different. 2d Kent's Com., Sec. 497; Brundage v. Camp, 21 Ill. 330 ; Van Duzor v. Allen, 90 Ill. 502. If the transaction, then, was a conditional sale, and Dial, the vendee of Williams, was a *bona fide* purchaser, as we find him to be from the evidence in this record, these authorities would sustain his title to the mules in controversy; and it also seems to us there would be another reason why Peterson could not be permitted to rescind the sale. According to his own version he received as part pay for the mules a horse and a mare, and was to be secured for only a part of the consideration. At the time he demanded the mules of Dial he had disposed of the said horse and mare and thus by his own act had made it impossible to restore them and place his vendee in the same condition as when the contract was made. "A party can not rescind a contract of sale and retain the consideration." Buchanan v. Honey, 12 Ill. 336. If the transaction between Peterson and Williams was a sale, with a verbal agreement between them that the former was to have a lien on the mules for $60, this was in the nature of a pledge, to enforce which the property pledged should have been retained in the possession of Peterson; but parting with the possession to Williams, his debtor, he lost the lien as against Dial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*