## Jesse B. Gould
### v.
## Vinton E. Howell.

*Replevin—Sale—Conditional Delivery—Unpaid Check—New Trial—Instruction.*

A horse attached as the property of another, may be replevied by the person selling him upon the understanding that title should not pass until check given for purchase price should be paid, any time previous to payment.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for appellant.

Mr. JOHN T. LILLARD, for appellee.

WALL, J.   This was replevin for a horse brought by appellant against appellee.   Judgment was in favor of the latter, who, as sheriff, had levied upon the property under a writ of attachment against one Johnson.

Appellant, being the owner, had agreed to sell the horse to Johnson, but the price, $225, was unpaid, and it was understood the title should not pass and the sale should not be complete until a check given by Johnson for that sum upon a bank in Missouri should be honored.   The horse had been brought by appellant to Bloomington and put in the livery stable of one Millinger, and while this was the place where delivery was to be made, yet the evidence warrants the conclusion that it was not intended to perfect the sale until payment was assured, and that if it can be said there was a delivery it was conditional only, and that Johnson had no right to remove the horse until appellant was satisfied.   Pending this situation the levy was made.   Under the circumstances, if, at that time, the vendee had assumed the rights of an owner, the vendor might well have maintained replevin against him.   It is suggested the vendor could not rescind without returning the check.   There was no occasion for rescission.   The sale was inchoate and the title and right to possess were in the vendor.   It was all conditioned upon the payment of the check, and until then the vendee had no right to take the horse from the stable.   His creditors could occupy no better position than he could.   Schweitzer v. Tracy, 76 Ill. 345.

The appellant was not required to litigate with the Missouri bank as to its liability to pay the check.   He could hold his property if it was not paid.

We are of opinion that the court erred in giving instructions No. 5, 6 and 7, asked by appellee, and in refusing the motion for new trial. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*