### WALSH, BOYLE & CO.

#### *v.*

### THE FIRST NATIONAL BANK OF HIAWATHA, KANSAS.

*Opinion filed June 19, 1907—Rehearing denied October 9, 1907.*

1. APPEALS AND ERRORS—*presumption where Appellate Court's judgment of reversal does not find facts.* If a judgment of reversal by the Appellate Court contains no finding of facts, it will be presumed by the Supreme Court that the Appellate Court found the facts as did the trial court but disagreed with it as to the law.

2. BILLS OF LADING—*endorsement and delivery of bill is a symbolical delivery of goods.* The endorsement and delivery of a bill of lading by the shipper to a bank is a symbolical delivery of the goods and transfers title to the bank, and in the absence of any question of fraud the bank is entitled to hold the property as against a subsequent attaching creditor of the shipper, notwithstanding the latter has not drawn out of the bank any of the fund credited to him upon the sight draft which accompanied the bill. (*Warman* v. *First Nat. Bank,* 185 Ill. 60, explained.)

3. ATTACHMENT—*when an attaching creditor obtains only the rights of the debtor.* A creditor who attaches goods upon the mere ground of non-residence of the debtor, there being no question of fraud or fraudulent intent, acquires only the rights of the debtor as they existed when the attachment was levied, and in such case the only question is as to the ownership of the property at that time, since the creditor is not a *bona fide* purchaser for value.

4. BANKS—*rights of bank under bill of lading and sight draft.* A bank which receives a properly endorsed bill of lading and credits to the shipper the amount of an accompanying sight draft payable to his order has the title to the goods in the absence of any fraud, and while it may charge the amount of the draft back to the shipper in case the draft is returned unpaid, yet until it does so, or the draft is paid, neither the shipper nor his subsequent attaching creditor can deprive the bank of its title to the goods.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding.

ALDEN, LATHAM & YOUNG, for appellant.

JOHN W. CREEKMUR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On October 9, 1905, the McGuire Milling Company shipped a car-load of flour, consisting of nine hundred and twenty-three sacks, from Hiawatha, Kansas, consigned to itself at Chicago, with a direction to notify Walsh, Boyle & Co., the appellant. The next day the milling company endorsed the bill of lading and delivered it to the First National Bank of Hiawatha, Kansas, the appellee, with a sight draft attached, drawn by the milling company on appellant for $702. The milling company was a regular customer and depositor with appellee, and the draft and other items, aggregating $852.22, were entered on a deposit slip, which was marked, "Paid October 10, 1905." The amount of the draft and other items was credited to the deposit account

of the milling company by appellee, and the draft, with the bill of lading attached, was forwarded to the First National Bank of Chicago, the correspondent of the appellee at that place, for collection. The car-load of flour arrived in Chicago, and on October 19, 1905, appellant brought a suit in assumpsit in the circuit court of Cook county against the milling company for damages resulting from an alleged breach of warranty that certain other flour sold by the milling company to appellant was of like quality with a previous shipment, and, upon an affidavit of non-residence of the milling company, obtained a writ of attachment, which was levied on the car-load of flour for which appellee held the bill of lading. The draft was not paid and was returned to appellee but was not charged back to the milling company, and the appellee did not receive the amount represented by it or any part of it. Appellee filed its interplea claiming the flour seized by virtue of the writ of attachment, and appellant replied that the flour was not the property of appellee but was the property of the milling company, the defendant in the attachment writ. The issue made by the interplea and replication was submitted to the court for trial without a jury, and the court found the same against appellee and in favor of appellant. Appellee appealed to the Appellate Court for the First District, and the branch of that court reversed the judgment and entered judgment in favor of appellee, with a finding of fact that the car-load of flour seized by virtue of the writ of attachment was the property of appellee and not of the milling company. The court afterward struck out the finding of fact and granted a certificate of importance and an appeal to this court.

The finding of fact having been stricken out of the record, it will be presumed that the final judgment of the Appellate Court was not based on finding the facts different from the facts as found by the trial court. If a final judgment of the Appellate Court results from finding the facts different from the trial court, the statute requires the Ap-

pellate Court to incorporate such finding in the judgment.
The conclusion in this case is, that the Appellate Court
found the facts the same as the trial court but differed with
that court as to the law. At the trial appellee submitted to
the court various propositions of law containing hypotheses
of fact corresponding with the facts of the case as above
stated, and declaring the law to be that under such states
of fact appellee became vested with the property covered by
the bill of lading; that it had a right to hold the property
as a security for the payment of the draft, and that the flour
was not subject, in law, to an attachment by a creditor of
the milling company, and these propositions the trial court
refused to hold. As that court viewed the law applied to
the undisputed facts, the flour was the property of the mill-
ing company and subject to an attachment against it, and
could be seized under the writ of attachment and taken
from appellee. The Appellate Court took the opposite view
of the law, and if that view is correct the judgment of the
Appellate Court was right and it must be affirmed.

The endorsement and delivery of the bill of lading to
appellee operated as a symbolical delivery of the flour, and
had the effect of transferring the same and vesting the title
to it in appellee. (*Michigan Central Railroad Co.* v. *Phil-
lips,* 60 Ill. 190; *Lewis* v. *Springville Banking Co.* 166 id.
311.) The transaction between the appellee and the milling
company was an ordinary business one of every-day occur-
rence, entirely free from fraud or fraudulent intent. There
was no claim of fraud or collusion affecting the rights of
appellant or any creditor, and the writ was not based on
any charge of that kind but on the non-residence of the
milling company. There being no claim of any fraudulent
transfer, the simple question was whether the flour was the
property of the milling company or of appellee. In such a
case an attaching creditor only obtains the rights which the
debtor has in the property at the time of the levy of the
writ. One claiming to be a creditor of another and levy-
228—29

ing a writ of attachment is not a *bona fide* purchaser for a valuable consideration. He parts with nothing in exchange for the property and does not take it in satisfaction of his claim or debt. The property is merely seized and held for the purpose of having it afterward appropriated to the payment of a debt if a debt shall be proved, and appellant, by the attachment, acquired no better right to the flour than the milling company had when the writ was levied. (*Kinnah* v. *Kinnah,* 184 Ill. 284; *Schweizer* v. *Tracy,* 76 id. 345; *Samuel* v. *Agnew,* 80 id. 553; 4 Cyc. 632; 3 Am. & Eng. Ency. of Law,—2d ed.—222.) The milling company had transferred the flour to appellee by the endorsement and delivery of the bill of lading, and appellee had given credit on the deposit account for the amount of the draft. The milling company would have had no right to re-possess itself of the flour without payment of the draft, and appellant had no better right. This is true whether the amount of the credit by the bank had been checked out or not. Appellant was to have the bill of lading and flour on payment of the draft, but not without. Appellee was in no sense the agent of the milling company to collect the draft payable to the order of appellee. If the appellee exercised proper diligence and failed to obtain payment of the draft it could charge it back to the milling company, but it is clear that until that should be done the milling company would have no right to the flour. (*Neill* v. *Rogers Bros. Produce Co.* 23 S. E. Rep. 702; *Haas* v. *Old Nat. Bank,* 91 Ga. 312.) In the case of *Alpine Cotton Mills* v. *Weill Bros.* 129 N. C. 452, the credit originally entered had been canceled, when payment of the draft was refused, by charging it back, so that Weill Bros. had a right to the return of the bill of lading and the draft.

Counsel for appellant rely upon the decision in *Warman* v. *First Nat. Bank,* 185 Ill. 60, and other cases declaring the rule that a mere credit by a bank to a depositor, no part of which has been paid out, does not give the bank the

character of an innocent purchaser, for value, of commercial paper, so as to cut off equities and defenses to the same; but, so far as we can see, that rule has no relation to this case. There can be no dispute of the proposition that the title to the flour was in the appellee and not in the milling company, and the application of rules of law to the facts necessarily led to the judgment of the Appellate Court in favor of appellee.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*