In re GOLD.

CONSTAD et al. v. BUELL.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1913.)

No. 1,954.

1. BANKRUPTCY (§ 140*)—PROPERTY PASSING TO TRUSTEE—PROPERTY OBTAINED BY FRAUD.

Under the law of Illinois as settled by decision that an attachment or judgment creditor by levy acquires only the rights of the debtor in the property as against another having the legal title, a trustee in bankruptcy coming into possession of property obtained by the bankrupt by false and fraudulent representations did not, by virtue of Bankr. Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), which vests in him "all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings," acquire title to the property as against the sellers who rescinded the contract as soon as they learned of the fraud.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. **BANKRUPTCY (§ 455\*)—APPELLATE PROCEEDINGS—"CONTROVERSY ARISING IN BANKRUPTCY PROCEEDINGS."**

A proceeding by an adverse claimant to recover property in possession of a trustee is a "controversy arising in a bankruptcy proceeding," within the meaning of Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3431), and the decree therein is appealable at any time within six months.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 916; Dec. Dig. § 455.\*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

In the matter of Sophia M. Gold, bankrupt. From a decree denying their petition to reclaim property, William W. Constad and Morris Newman, doing business as Wm. W. Constad & Company, appeal. Reversed.

The bankrupt, who was a furrier doing a retail business in the city of Chicago, on or about August 10, 1910, approached appellants, who were wholesale furriers in the city of New York, with a view to securing a line of credit in the purchase of furs. She represented that she was worth between $5,000 and $6,000 above all her debts, which, she stated to appellants, did not exceed $1,000. Relying upon her representations, appellants sold and delivered to her at two different dates furs amounting in value to the sum of $926.25. After receiving said furs, she proceeded to conceal the same and, with intent to defraud appellants, shipped a large part of the same out of Chicago. Within two months thereafter she was adjudged an involuntary bankrupt. Then, for the first time, appellants learned of the fraud through which she had obtained the goods. In the meantime, the trustee took steps to recover the furs so concealed and shipped out of the city, and did recover a portion of appellants' said furs, of the value of $425. On learning of said fraudulent conduct and said bankruptcy proceedings, appellants rescinded said sales and at once petitioned the court for the return of said recovered furs or the proceeds thereof to them, the same having been sold by the trustee pending such proceedings, all of which steps they took after the furs had come into the possession of the trustee. The matter was heard before the referee, who found that the trustee's title to said goods, under section 47a (2) of the bankruptcy act as amended June 25, 1910, was superior to that of appellants', and dismissed appellants' petition for want of equity. Thereupon the referee filed with the District Court a certificate for review, wherein he stated that under the undisputed evidence adduced on the hearing of appellants' petition, "said petitioners [the appellants] were entitled to reclaim said goods and were entitled to the proceeds of the sale thereof, if, under the bankruptcy law as amended by the act of June 25, 1910, a vendor of goods who has been induced to sell such goods by false and fraudulent representations, can, under any circumstances appearing in evidence, reclaim such goods from the trustee in bankruptcy of the vendee." Upon the hearing upon said petition for review and the said referee's certificate, the District Court affirmed the action of the referee in dismissing said petition. The cause is before us on appeal from that order. The errors assigned, in substance, resolve themselves into the one proposition, viz., the court erred in holding that the rights of the appellants were inferior, under the facts of the case, to those of the trustee.

Alvin W. Wise, of Chicago, Ill., for appellants.

Francis J. Houlihan and Edward Menkin, both of Chicago, Ill., for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KOHLSAAT, Circuit Judge (after stating the facts as above). [1] Section 47a(2) of the Bankruptcy Act as the same was amended by the act of June 25, 1910, reads as follows, viz.:

"And such trustee, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

By the order of the court affirming the referee's action upon the petition for review, the court in effect held that under the statute as amended, and under the laws of Illinois as construed by the courts of that state, the rights of a defrauded vendor were inferior to those of "a creditor holding a lien by legal or equitable proceedings," and that the latter has the rights of a bona fide purchaser for value without notice of the fraud. The question is one of Illinois law. In support of this proposition, the trustee cites a number of cases from Illinois, the doctrine of which is fully summed up in Van Duzor v. Allen, 90 Ill. 499. In that case it appears that one Gaston bought of Van Duzor a threshing machine. Van Duzor claimed that Gaston was to have given his notes with sureties. Gaston insisted his notes were to be secured by chattel mortgage on the thresher. Gaston was given possession without the delivery of security, and proceeded to thresh for those desiring his services, for more than two months, said question of the nature of the security to be given still remaining unsettled, when judgments against him were obtained in favor of persons who had rendered services to him in threshing, upon which judgments executions were sworn out and placed in the hands of a constable, who levied upon the thresher. Van Duzor replevied the latter. On the trial of the replevin suit, Van Duzor was defeated. On appeal the Supreme Court affirmed the judgment. In its opinion the court said:

"A bona fide creditor, who, under a judgment and execution, acquires a lien on property thus situated, occupies the same position in all respects as does a bona fide purchaser. Where the apparent owner of property thus acquired has the indicia of ownership and may sell and pass a good title to a purchaser, without notice, a bona fide creditor may seize the property on execution and sell it thereunder and pass the title, not only against the apparent, but also the real owner."

This decision must be construed with reference to the facts of the case. The question of the rights of a defrauded vendor were not under consideration. Whatever lien, if any, Van Duzor possessed as against Allen, was a secret lien and was not made a condition of the passing of the title. Allen actually had title. This case states the law of Illinois as it stands to-day. Further cases cited by the trustee in support of this doctrine are Union Stockyards & Transit Co. et al. v. Mallory, 157 Ill. 565–566, 41 N. E. 888, 48 Am. St. Rep. 341; Brundage v. Camp, 21 Ill. 330; Fawcett v. Osborn, 32 Ill. 411, 83 Am. Dec. 278; Chicago Dock Co. v. Foster, 48 Ill. 507; Doane v. Lockwood, 115 Ill. 490, 4 N. E. 500; Butters v. Haughwout, 42 Ill. 18, 89 Am. Dec. 401; Farwell v. Hanchett, 120 Ill. 577, 11 N. E. 875.

None of these, however, apply to the facts of the case at bar. This

clearly appears from the decisions of the Illinois courts. The leading case is that of Schweizer v. Tracy, 76 Ill. 345, the facts of which are very similar to those of the case at bar. There the purchaser had obtained the goods through fraudulent representations as to his financial circumstances. After possession taken, the goods were levied upon under a writ of attachment issued against the fraudulent vendee. The defrauded vendors instituted a suit in replevin in which they were defeated and the return of the property to the sheriff awarded. Having failed to return the goods, suit was instituted upon the replevin bond, in which suit Schweizer was impleaded with the defrauded vendors. In the lower court judgment went for the plaintiff in that suit. On appeal the judgment was reversed. In the course of its opinion the court said:

"Coming, then, to the conclusion which we do, that had Mack, Stadler & Co. discovered the fraud practiced upon them whilst the goods remained in the hands of the fraudulent vendee, and replevied them, they could have successfully maintained their action, the question is presented, whether the attaching creditors here, or the sheriff, by virtue of his writ of attachment, acquired any other or greater title than the fraudulent vendee possessed. Had the vendee, before the reclaiming of the goods by Mack, Stadler & Co., sold them to an innocent purchaser for value, no doubt, under the decisions of this court, the purchaser would have acquired a valid title to the goods"—citing Jennings v. Gage et al., 13 Ill. 610, 56 Am. Dec. 476; M. C. R. R. Co. v. Phillips et al., 60 Ill. 190; Young et al. v. Bradley et al., 68 Ill. 553.

The court thereupon proceeded to explain the language in Burnell v. Robertson, 5 Gilman (Ill.) 282, and said:

"That case was a case where a debtor had title to the property, and the controversy was between a prior purchaser from the debtor, who had not obtained possession of the property, and a subsequent attaching creditor; and in reference to such a state of facts, the court says: 'In case of two sales of personal property, both equally valid, his is the better right who first gets possession of the property, and the attaching creditor stands in the light of a purchaser and is to be protected as such.' That is, the attaching creditor stands in the light of a purchaser, not necessarily as against the world, but as against another purchaser, the creditor having, by virtue of his attachment, first obtained possession of the property; thus acknowledging the common doctrine respecting the sale of personal property, that a sale without the delivery of possession, is void as against subsequent purchasers and creditors. This is the full import of that decision. But in the case at bar, the only title of the debtor is one acquired by fraud and false representations, and voidable at the option of his vendors. The general expression used in the case cited is to be understood with reference to the facts of that case, and is not authority in support of the view, that an attaching creditor, under the circumstances of such a case as the present, as against the vendor, stands in the same position as an innocent purchaser for value."

The court further in said opinion said there was no difference as to priority of lien between an attachment lienor and an execution lien, citing Tousley v. Tousley, 5 Ohio St. 78; that the attachment creditor took no better title than the fraudulent vendee possessed, and proceeded to hold that the right of possession was in the defrauded vendor and that there was no liability upon the replevin bond. This case was decided prior to Van Duzor v. Allen, supra, but has been approved in a number of subsequent cases. In Walsh v. First National Bank, 228 Ill. 446, 81 N. E. 1067, the court held that the transferee of a bill of lading prevailed over an attaching creditor, and says:

"In such a case an attachment creditor only obtains the rights which the debtor has in the property at the time of the levy of the writ. One claiming to be a creditor of another and levying a writ of attachment is not a bona fide purchaser for a valuable consideration"—citing, among other authorities, Schweizer v. Tracy, supra.

The latter case is cited approvingly in Hacker v. Munroe & Son, 176 Ill. 394, 52 N. E. 12; King & Co. v. Brown, 24 Ill. App. 579–582; Gould v. Howell, 32 Ill. App. 349–350; O'Neil v. Patterson & Co., 52 Ill. App. 27–33; Nonotuck Silk Co. v. Levy, 75 Ill. App. 55–58; La Salle Pressed Brick Co. v. Coe, 65 Ill. App. 619–622; Link v. Gibson, 93 Ill. App. 433–435; Magerstadt v. Schaefer, 110 Ill. App. 171; and other cases. The same rule of law is laid down in Doane v. Lockwood, supra; Staver & Abbott Mfg. Co. v. Coe, 49 Ill. App. 426–431.

From the foregoing it appears that the rule laid down in Schweizer v. Tracy, supra, is here controlling. The vendors having at the earliest opportunity rescinded the sale, the title to the furs in question never passed to the bankrupt, by reason of her fraudulent representations to the vendors, therefore the trustee took no title thereto inasmuch as, under the laws of Illinois, as construed by the courts of the state, the rights of the defrauded vendor prevailed over the claims "of a creditor holding a lien by legal or equitable proceedings thereon."

[2] At the early part of this session appellee presented to the court and argued orally a motion to dismiss the appeal herein for want of jurisdiction, assigning as ground therefor (1) that appellants' claim amounted to less than $500, and (2) that this appeal had not been perfected within ten days from the entry of the order appealed from, which motion the court took under advisement until the final hearing. This motion was based upon section 25a of the bankruptcy act, which is applicable only to proceedings in bankruptcy. The matter here involved is, however, not cognizable under section 25a, but is clearly a controversy arising in a bankruptcy proceeding, and as such is governed by the provisions of section 24a of the act, and the terms of the judiciary act of March 3, 1891. Consequently the amount involved is not limited and the appeal, having been taken within six months from the entry of the order, was properly perfected. The motion must therefore be denied.

The judgment of the District Court is reversed, with direction to vacate its decree herein and grant the prayer of the petition to the amount of $425.