No. 34,841

H. A. DUFIELD, *Appellee*, v. CHESTER DAVIS, *Defendant*, LUCY
DAVIS, Interpleader, *Appellant*.

(103 P. 2d 778)

Opinion filed
July 6, 1940.

*Rellis C. Eastman*, of Liberal, for the appellant.
*G. W. Sawyer*, of Liberal, for the appellee.

The opinion of the court was delivered by

HOCH, J.: The appellant, Lucy Davis, interpleaded in an action
by Dufield, the appellee, wherein Dufield had attached a truck be-
longing to her son, the defendant, Chester Davis. She claimed a
prior lien on the truck by virtue of a chattel mortgage executed prior
to the attachment. Dufield demurred to the interpleader's opening
statement, and it was stipulated that the facts alleged in the state-
ment and certain chattel mortgages offered as exhibits should be
considered as interpleader's evidence and made subject to the de-
murrer. The demurrer was sustained, judgment entered for plain-
tiff, the attachment declared a valid first lien and the truck ordered
sold to satisfy the judgment. From the order sustaining the de-
murrer and from the judgment the interpleader appeals.

The question presented is whether under the facts hereinbefore

stated, the attachment by Dufield constitutes a lien prior to the mother's chattel mortgage.

Chester Davis was a resident of Missouri. He was indebted to his mother, Lucy Davis, the debt including money advanced on the purchase of the truck. He gave her his promissory note and a chattel mortgage for $1,000 on the truck which was recorded in Missouri on June 6, 1939.

Plaintiff Dufield was a resident of Seward county, Kansas, and held Chester Davis' promissory note for $835. Action to recover on the note was brought and the truck attached in Seward county on June 10, 1939. Davis gave a redelivery bond and retained possession of the truck. On July 5, 1939, Lucy Davis filed her interplea and alleged priority by virtue of her chattel mortgage. The matter came to trial on December 16, 1939, and in the opening statement for the interpleader it appeared that in September, 1939, Chester Davis, being in need of additional funds, had secured a loan of $204 from the Gross Finance Company of Fort Scott, Kan., on the condition that the finance company be given a lien on the truck for that amount prior to the mother's chattel mortgage theretofore recorded; that the mother agreed to that arrangement and waived her chattel mortgage lien in favor of the finance company to the extent of $204. To accomplish that arrangement between herself, the finance company, and the son, her original mortgage was released on September 26, 1939, the finance company mortgage recorded on October 11, 1939, and a new mortgage to the mother executed and recorded. The new chattel mortgage to the mother recited:

"Subject to a mortgage in favor of Gross Finance Co. of Fort Scott, Kan., in the amount of $204. The debt and security as represented by this chattel mortgage is the same and identical indebtedness and security as represented by the chattel mortgage dated June 6, 1939, and filed of record June 7, 1939, which was released only for the purpose of permitting the chattel mortgage executed by Chester Davis to Gross Finance Co. to have a prior lien thereon."

On the basis of these facts, admitted by the demurrer to be true, Dufield contends that his attachment is prior to the mother's chattel mortgage.

It is not disputed that when Dufield attached the truck on June 10, 1939, the attachment then reached only the equity interest which Chester Davis then had in the truck. In other words, the validity of the mother's original mortgage is not attacked. The mortgage was prior to the attachment. But the appellee contends that when the

mother later released of record the original mortgage for the purpose of letting in as against her lien the mortgage for $204 held by the finance company, the son became temporarily the owner of the truck subject only to the attachment, and that the attachment lien was thereby expanded automatically to reach the full value of the truck without regard to the indebtedness to the mother.

While we find considerable conflict of authority on the question, the general rule is that an "attachment lien covers only the actual interest of the debtor in the property levied on, existing at the time of the levy, and *cannot extend to an interest subsequently acquired by him*" (6 C. J. 274). Again, "The rights of an attaching creditor with respect to the property attached must be determined by the state of the title at *the time when the attachment was made."* (6 C. J. 286) (Italics ours). The rule is repeated in 7 C. J. S. 435. The rule is similarly stated in 2 R. C. L. 857: "It is a well-settled rule that the lien of an attachment does not exceed the actual interest the debtor had in the property *at the time of the levy."* (*Ahern v. Tulare Lake Canal Co.,* 115 Cal. App. 93, 1 P. 2d 490; *Steward v. Rockdale State Bank,* (Tex. Civ. App.) 52 S. W. 2d 915; *Wheeler Lbr. Co. v. Shelton,* 146 Ore. 550, 556, 29 P. 2d 1013; *Walsh & Co. v. First Nat. Bank,* 228 Ill. 446, 81 N. E. 1067, 1068.

The question may be approached in another way. When Chester Davis repossessed the truck, following the attachment, by giving a redelivery bond, he and the sureties obligated themselves to produce the property attached "or its appraised value," to answer the judgment in the action (G. S. 1935, 60-912). The appraised value of what? Certainly, it was the appraised value of his property interest in the truck; in other words, what he then owned, which was his equity interest in the truck. If he had disposed of the truck prior to judgment on the debt, what would he and the sureties have been found to "produce"? Only such property value as had been reached by the attachment, which was the value of the truck less the mortgage.

It is true, of course, that no transaction subsequent to the attachment could lessen the property value held under the attachment by the attaching creditor. And nothing of that sort happened in this case. The mother's waiver to the finance company to the extent of $204 in no way reduced the son's equity interest in the truck reached by the attachment. The attaching creditor's rights were in no way

prejudiced. The truck was still subject only to a lien of $1,000 as far as the attaching creditor was concerned.

The admitted facts make it clear that the debt to the mother was not extinguished, and that the release of the original mortgage and the recording of a new one for the same amount was simply a means taken to waive a portion of her prior lien in favor of the finance company only. Perhaps other methods of accomplishing the same result might have been used which would have furnished no grounds for controversy. But looking to the substance of the transaction, we cannot say that the mother at any time lost her prior lien as against the attaching creditor. Nor, for reasons heretofore stated, did the attachment at any time reach any interest in the truck beyond that which Davis had in it when the attachment was levied.

It follows that the court erred in sustaining the demurrer, and that the judgment must be reversed. It is so ordered.