## THE DWELLING HOUSE INSURANCE COMPANY

### *v.*

### JOHN A. BUTTERLY, JR.

*Filed at Ottawa June 12, 1890.*

1. PRACTICE—*trial by the court—preserving questions of law.* Where a jury is waived, and a trial is had before the court, and there is no ruling as to the admission of evidence to which exception is taken, no question of law will be presented, and the affirmance of the judgment of the trial court by the Appellate Court will be conclusive on this court as to all questions of fact the evidence tended to prove.

2. SAME—*time to object—as to admissibility of evidence.* If evidence offered on the trial of a cause is not pertinent to the issue, it should be objected to at the time, and an exception taken, if the objection is overruled. Such objection can not be urged for the first time on appeal or error.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. W. S. HARBERT, and Mr. GEORGE R. DALEY, for the appellant.

Mr. CHARLES L. EASTON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellee, against appellant, upon a policy of insurance covering certain buildings, live stock, farm machinery, etc., which were destroyed by fire. Appellant pleaded that one of the conditions of the policy was forfeited by reason of the property insured having been incumbered by mortgage prior and subsequent to the issuing of the policy, and no statement to that effect having been evidenced upon the policy. Appellee, by permission of the court, replied double, alleging that it was not true that all the property insured was mortgaged, but that while it was true that a portion of the property insured, and which was destroyed by fire, was mortgaged, appellee ought not to be precluded from recovering, because appellant waived the requirement to have the existence of the incumbrance stated in writing. Issue was joined upon these replications, and by agreement of the parties the cause was tried by the court, without the intervention of a jury. The court found for appellee, and assessed his damages at $2500. Appellant moved for a new trial, which the court overruled, and rendered judgment upon its finding. An appeal was prosecuted from this judgment to the Appellate Court for the First District, and that court rendered judgment affirming the judgment of the trial court, and from that judgment this appeal is prosecuted.

No propositions of law were submitted to the trial court to be passed upon by it, and we have been unable to find any ruling in excluding or admitting evidence, over appellant's objection, to which exception was taken. There is therefore no question of law before us, and the questions of fact are disposed of by the judgment of the Appellate Court. *Gould* v. *Howe*, 127 Ill. 251; *McDonald* v. *Allen*, 128 id. 521; *First Nat. Bank* v. *Haskell*, 124 id. 587; *Montgomery* v. *Black*, 124 id. 57; *Christy* v. *Stafford*, 123 id. 463.

It is true, appellant makes the point that there was no proof as to what property was lost, nor to which class or classes the property destroyed belonged, nor that there was any property destroyed which was not mortgaged. But this relates rather to the effect than to the tendency of the evidence. There was evidence of property destroyed by fire which was covered by the policy, and of its value, to which there was no objection. If it was not pertinent, that objection should have been made and insisted upon at the time. It can not be urged for the first time in an appellate tribunal. The effect of this evidence has been considered both by the trial and the Appellate Courts, and it presents no question for this court.

The judgment is affirmed.

*Judgment affirmed.*