Cook v. Haussen.

## Cook v. Haussen et al.

1. EVIDENCE—*Irrelevant, Properly Excluded.*—Evidence having no apparent relevancy to the matter in controversy is properly excluded where there is no statement as to what the party offering it expects to prove.

Memorandum.—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

MAX ROBINSON, attorney for appellant.

FRANK J. CRAWFORD, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant sued the appellees for work and materials furnished, as he says, upon their promise to pay for it.

The appellees had a contract for building a house; sub-let a portion of it to one Schultz, who sub-let a part of his contract to the appellant. The appellant had done a portion of the work under his contract, and been paid for such portion, partly if not wholly, by Schultz. Schultz died, and the appellant's case is that the appellees promised that they would pay him if he would complete his contract with Schultz.

This the appellees denied, and upon conflicting testimony, given more than seven years after the work was finished, the court trying the case without a jury decided against the

appellant.  We can not say that the judge did not come to
the right conclusion.

Another sub-contractor under Schultz, was a witness for
the appellant, and was asked : " What was said by Mr.
Haussen to you with reference to that work then ? " and
" Did Mr. Haussen ever pay you anything on your con-
tract ? "

To the refusal by the court to permit those questions to be
answered, the appellant excepted.

It would be a sufficient answer to the exceptions that the
appellant made no statement of what he expected to prove.
Gaffield v. Scott, 33 Ill. App. 317; and see C. & A. R. R. v.
Shenk, 131 Ill. 283.

But if it was expected that the witness would say that
Haussen did promise to pay and did pay the witness, that
would be no corroboration of the appellant's claim of a
like promise to him.  The judgment is affirmed.