## La Salle Pressed Brick Company v. Thomas W. Coe.

1. REPLEVIN—*When it Lies.*—Where personal property does not belong to a party and was in his possession fraudulently, or delivered to him by the owner under the supposition that he was the agent of the person for whom the property was intended, replevin will lie to recover it from a sheriff who has taken it on attachment against such party.

2. SALES—*Delivery of Possession to an Agent—Title, When Not Divested.*—Where the owner of property has not parted with his title, but has delivered the possession to a party under the impression that such party is an agent of a purchaser, such owner can not be defeated of his title by a sale by such party to another, or by attachment proceedings against him.

3. EVIDENCE—*Copies of Letters.*—Before copies of letters can be introduced in evidence, the proper foundation for secondary evidence must be laid by proof of notice to the persons having the originals to produce them.

4. SAME—*Admissions by Third Parties.*—Evidence of statements made by persons not in any sense agents of the parties to a transaction are not competent.

5. RETORNO HABENDO—*When the Proper Order.*—The order of *retorno habendo* is proper where the defendant is the party entitled to the possession of the property taken upon the writ of replevin.

**Memorandum.**—Replevin. Appeal from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

The opinion states the case.

APPELLANT'S BRIEF, GEORGE TORRANCE AND G. W. PATTON, ATTORNEYS.

The purchase of goods, if procured by false representation of the buyer, or with an intent not to pay for them, is

fraudulent, and the seller may recover the possession of property by replevin. Farwell et al. v. Hanchett et al., 120 Ill. 573; The People ex rel. v. Healey, 128 Ill. 9; Doane et al. v. Lockwood et al., 115 Ill. 490; Deere et al. v. Lewis et al., 51 Ill. 254; Schweizer v. Tracy, 76 Ill. 345.

An attaching creditor has no such claim on property as a *bona fide* purchaser without notice. The attaching creditor gets only the title the debtor had at time of attachment. Schweizer v. Tracy, 76 Ill. 345; Samuel v. Agnew, 80 Ill. 553.

And a *bona fide* purchaser of property without notice gets no title from a party in possession of property if the possession was obtained without knowledge of the owner. Fawcett et al. v. Osborn et al., 32 Ill. 411; Burton v. Curyea, 40 Ill. 320.

The possessor of property fraudulently obtained, with no *indicium* of title but possession, can not pass title to a purchaser. Fawcett v. Osborn, 32 Ill. 411; A. M. U. Ex. Co. v. Willsie, 79 Ill. 92.

And it is the law that mere possession of personal property, though given by the owner, will give no title to a purchaser from the party in possession, unless the owner voluntarily clothed the vendor with some *indicium* of ownership besides possession. Hutchinson v. Oswald, 17 Brad. 28; Montague v. Ficklin, 18 Brad. 99; Ellsner et al. v. Radcliff et al., 21 Ill. App. 195.

Whatever is sufficient to put a person on inquiry is in law equivalent to notice, if in the exercise of reasonable diligence, it would lead to notice. Parker v. Merritt, 105 Ill. 293; Watt v. Scofield, 76 Ill. 261; Finney v. Harding, 32 Ill. App. 98.

Where attaching creditors have notice the title of their debtor is fraudulent and seize or purchase the property, they get only such title as their creditor had. Waggoner v. Cooley et al., 17 Ill. 239; Jewett & Root v. Cook, 81 Ill. 260; Fawcett et al. v. Osborn et al., 32 Ill. 411.

C. C. STRAWN and A. C. NORTON, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The appellee, as sheriff of Livingston county, was sued by appellant in an action of replevin to recover 57,000 brick levied on by the sheriff, by virtue of an attachment writ issued out of the Circuit Court in favor of Bruner & Strong, attaching creditors, against W. Z. Partello, claiming the sum of $806.76, judgment for which was rendered against Partello in the attachment suit.

The appellant was the manufacturer of brick and sold them, as it insists it supposed at the time, through the agency of said Partello, to the board of trustees of the State Reformatory at Pontiac, which was building a State Reformatory at that place. The cause was tried by the court without a jury by consent of both parties, and after a hearing of the case, found in favor of appellee, and the court rendered judgment in his favor and ordered a return of the brick to him. From this judgment this appeal is taken. The appellee contended on the trial that the brick were the property of Partello, the attachment debtor, who had a contract to erect the building and failed, owing the attaching creditors the sum sued for on account of other material furnished him by them. The contention on the trial was, as to whether appellant sold the brick to Partello on his own account, or to him, as it supposed, as agent of the board of trustees.

If the property was not that of Partello and was in his possession fraudulently, or given to him under the supposition of his agency, then the appellant ought to recover.

The contention of the appellant is, and was, that the title in the property was in it, and neither in the board of trustees nor Partello; that the latter got possession of the brick by means of fraudulent representations to the effect that he was purchasing them for the board of trustees, etc., and as its agent, when in fact he was not doing so, but by that means obtained fraudulent possession of the brick.

The appellant took the burden of proof on itself to show title in the brick, and to attain this result, produced Christian Steinmayer, the salesman and agent of appellant, who

testified in substance, that the brick were intended to be sold to the board of trustees of the reformatory and not to Partello in his own right, and that he, as sole agent, did not know that Partello had any contract to build the building, and the brick were charged to and shipped to Partello as a mere matter of convenience, not intending to be a sale to him. The different letters to appellant from Partello were produced, which showed, apparently, that the brick were being purchased by the board of trustees of the reformatory.

It is insisted on the part of appellee that the letters are not inconsistent with the idea that Partello was himself the purchaser, but only showed that he would, or could, not purchase them until inspected and accepted by the trustees.

The letters, however, it seems to us, will not bear that construction. Some of them may be reasonably explained in that way, but not all.

Samples were required to be sent by appellant to the reformatory for inspection and passed on by its board before any brick could be received. In the letter dated Chicago 10–13, 1892, to appellant by Partello, he states that the amount of brick required for the Pontiac job was about 200,000, and it had been decided between the appellant and the Keokuk Brick Co., and in a postscript he says : " I will endeavor when going down to have the commissioners give you the full order."

Then after the appellant's brick were adopted Partello, by letter November 2, 1892, orders the brick to be sent " so that they (the board of trustees) can see how they run, and the bill of lading to him." The brick were then sent him on this order.

On the 23d of January, 1893, Partello wrote to appellant that he had " met the board of managers of the Reform School while in Pontiac, and they will meet on February 6th to approve of the amount, so I will arrange to settle your bill."

It seems from those letters and the testimony of Steinmayer, that the sale was represented to be to the board of trustees of the Reform School; that the appellant did not

intend to part with the title to Partello and accept him as paymaster.

The evidence, we think, made out a *prima facie* case for the appellant. The proof of the admissions of Partello that appellant owed him nothing for freight was sufficient. The only legal evidence produced by appellee tending to show title in the brick in Partello, was the fact that they were charged to him on appellant's books and the bill of lading in his possession; but these facts were consistent with the claim of appellant that they were charged and sent in his name for convenience, and he had requested the bill of lading to be made out in his name.

Not having parted with its title to the brick to Partello or intended so to do, appellant could not be defeated of its title by either sale by Partello to a third party or by attachment proceedings against him. The evidence of the statements of Brown, an employe of Partello, and by Downs, the architect, to the effect that the brick were Partello's and that there was no claim against them, admitted by the court in evidence against the objection of the appellant, was not competent. These parties were not in any sense agents of Partello or appellant to make any such admissions against him or it. It was mere hearsay.

The copies of letters written by appellant to Partello offered in evidence by appellant and rejected by the court were properly rejected. There was no proper foundation laid for the introduction of secondary evidence. They were not copied into the record, and we can not see whether they were pertinent or not. Appellee not being in possession of the original or entitled thereto, could not be expected to produce the originals on notice. Appellant should have subpœnaed Partello with the originals. There is an intimation in Dwellinghouse Ins. Co. v. Butterly, 133 Ill. 534, that where a case is tried by the court and improper evidence is admitted against the objection of either party, and exception is saved to the ruling, that such action can be assigned for error in the Appellate Court. If this be the law the court below erred in admitting the hearsay of Brown and Downs as to Partello's title.

The order of *retorno habendo* entered by the court was proper in the event of finding for appellee. Appellee was the party out of whose possession the brick were taken, and if wrongfully, he was the party to whom the return should be made and which appellant's bond required.

We are of the opinion the evidence did not warrant the finding of the court. The judgment is reversed and the cause remanded.