## La Salle Pressed Brick Co. v. Thomas W. Coe.

1. Possession—*When Prima Facie Evidence of Title.*—Possession of personal property, to be *prima facie* evidence of ownership, must be accompanied with a claim of title.

2. Cheating—*By Fraudulent Devices.*—No one has the right to deceive another by fraudulent devices and obtain his assent to a contract and then hold him bound by it on the ground that such person was foolish enough to be deceived by him. The rule that the maker owes a duty to the public not to sign a negotiable instrument without exercising reasonable care, does not apply.

3. Innocent Purchaser.—*Attaching Creditor is Not.*—An attaching judgment creditor does not stand in the position of an innocent purchaser, as he parts with nothing in exchange for the property and does not take it in satisfaction of his debt. He takes no better title than his debtor had, and if the debtor had purchased by means of false and fraudulent representations, his vendor may reclaim the goods by replevin against the officer seizing them under the attachment.

Replevin.—Appeal from the Circuit Court of Livingston County; the Hon. Charles R. Starr, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed June 1, 1896.

Torrance & Torrance and G. W. Patton, attorneys for appellant.

The purchase of goods, if procured by false representation of the buyer, or with an intent not to pay for them, is fraudulent, and the seller may recover the possession of property by replevin. Farwell et al. v. Hanchett et al., 120 Ill. 573; The People ex rel. v. Healey, 128 Ill. 9; Doane et al. v. Lockwood et al., 115 Ill. 490; Deere et al. v. Lewis et al., 51 Ill. 254; Schweizer v. Tracy, 76 Ill. 345.

An attaching creditor has no such claim on property as a *bona fide* purchaser without notice. The attaching creditor gets only the title the debtor had at time of attachment. Schweizer v. Tracy, 76 Ill. 345; Samuel v. Agnew, 80 Ill. 553.

And a *bona fide* purchaser of property without notice gets no title from a party in possession of property if the pos-

session was obtained without knowledge of the owner. Fawcett et al. v. Osborn et al., 32 Ill. 411; Burton v. Curyea, 40 Ill. 320.

Mere possession of personal property though given by the owner, will give no title to a purchaser from the party in possession, unless the owner voluntarily clothed the vendor with some *indicium* of ownership besides possession. Hutchinson v. Oswold, 17 Ill. App. 28; Montague v. Ficklin, 18 Ill. App. 99; Ellsner et al. v. Radcliff et al., 21 Ill. App. 195.

C. C. STRAWN and A. C. NORTON, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This case was in this court on former appeal, by same appellant, and we then reversed the judgment and remanded the cause for errors set forth in the opinion which will be found in 53 Ill. App. 506. The suit is in replevin and was brought by appellant against appellee, the sheriff of the county, to recover 57,000 pressed brick of the value of $570, taken in attachment at the suit of Dickenson Bros. & King against Wm. B. Partello; also another writ of attachment in favor of Bruner and Strong against the said Partello. The coroner replevied the brick from the appellee and delivered them to the appellant. The appellee pleaded the said attachment writs, claiming to hold the brick under such writs, and that the title of the property was in said Partello and not in appellant. The said Wm. Partello obtained the possession of the brick from appellant, the manufacturers of them, as is claimed by it by means of false and fraudulent misrepresentations as to whom he was acting for in making the purchase. The contention of appellant is and was that he claimed to be acting in the purchase, as the agent of the State to purchase the brick for the purpose of building an addition to the State Reformatory at Pontiac, Illinois, and that the sale was made on such false and fraudulent misrepresentations of Partello and shipped to him at his request,

supposing he was the agent of the State of Illinois, and not as on a sale to Partello individually. Partello failed, and the above suits of attachments were sued out and levied on the brick as his property.

The case was again tried and resulted in a verdict in favor of appellee, upon which judgment was rendered against appellant for costs and this appeal is taken.

The appellant claims error in the court below in that the court gave improper instructions for appellee, in allowing improper evidence and in refusing to allow appellant to introduce proper evidence, and because the verdict was against the weight of the evidence. Without expressing an opinion as to whether the verdict is against the manifest weight of evidence, we are of the opinion that the court erred in giving appellee's instructions Nos. 1, 4, 5, 11 and 12, and in other particulars hereafter to be mentioned.

The first was erroneous in telling the jury that it was incumbent on appellant to prove that Partello obtained the brick with intent not to pay for them. This instruction would have been proper had Partello made no misrepresentations and had purchased the brick on his own account while insolvent and intending not to pay for them. But in this case it makes no difference what his private intention might have been if, as claimed, he procured the possession of the brick under the false and fraudulent representations that he was buying them on the credit and for the State. Then the appellant, when it discovered the fraud, had a right to reclaim the brick, because it never intended to part with the possession of them on a sale to Partello. Then we think that portion of the instruction that required appellant's agent to use reasonable care to avoid deception by Partello is also erroneous. If this had been a defense of fraud and circumvention in obtaining appellant's signature to a promissory note when the note was sued on in favor of an innocent indorsee, this part of the instruction would have been pertinent and correct. Then the maker would owe a duty to the public to not sign a negotiable instrument without reasonable care; but in a case like this the rule does not

apply.   No one has a right to deceive another by fraudulent devices and obtain his assent to a contract and then hold him bound by it on the ground such person was foolish enough to be deceived by him.   There is no place in this case for such a rule, and the jury should not have been set to speculating over the question.

The fourth instruction given for appellee should not have been given in the form it was.   The possession of Partello was not *prima facie* evidence of title in him unless he was claiming title; but notwithstanding this, the appellant was plaintiff in the case and the burden of proof was on it to prove its title to the property replevied by a preponderance of the evidence.   For bringing the possession of Partello in question, instruction No. 4 was erroneous.   Instruction No. 5 for appellee was misleading and improper.   If the brick were sold under the belief that the State would pay for them, induced by fraudulent misrepresentations of Partello then in fact they were sold to the State, and Partello could not claim the brick.   If the possession was parted with under such a fraud Partello could not hold the brick.   Also mention of the attachment writs was misleading, conveying the impression to the jury that appellee obtained greater rights under the attachments than Partello possessed, which was erroneous.

It is laid down clearly and distinctly in Schweizer v. Tracy, 76 Ill. 345, "that an attaching or judgment creditor does not stand in the position of an innocent purchaser, as he parts with nothing in exchange for the property and does not take it in satisfaction of his debt.   He takes no greater interest or better title than his debtor has, and if the debtor has purchased, by means of false and fraudulent representations, his vendor may reclaim the goods by replevin against the officer seizing them under attachment or execution."

The instruction was very vicious in instructing the jury by implication, that an attaching creditor obtained a better title than his debtor.   Appellee's eleventh instruction was erroneous in selecting appellant's witnesses for attack instead of making the rule general to all witnesses.

Appellee's twelfth instruction was erroneous in calling the attention of the jury to a single circumstance and making it prominent. According to it a certain point in the law was required to be known to appellant, but as to what effect it should have was not stated in the instruction; the jury was left to infer that such knowledge would be in some manner much against appellants. It was highly misleading and should not have been given. These errors were not cured by appellant's given instructions. The court erred in admitting the cross-examination of Flora M. Williams, and allowing her to state that if Partello had not been broken up, appellant would have gotten its money, as far as she knew. This was immaterial, and as we have heretofore stated, Partello's intention not to pay for the brick made no difference. The rejection of certain of Christian Steinmeyer's evidence was improper; that part of it by which it was sought to show that he, appellant's agent, took Partello to be the one who did the business and sought to show by his evidence to whom the credit was given, i. e., to the State.

The intention of appellant's agent in giving the credit was a mental operation and therefore a fact susceptible of being testified to by the one giving the credit.

The evidence tends strongly to show that appellant's agent, in making the sale, was deceived by the false and fraudulent statements of Partello, purposely made by him.

For the errors above indicated the judgment of the court below is reversed and the cause remanded.