## Nonotuck Silk Company v. Samuel Levy.

1. JUDGMENTS—*Judgment Creditor Not Entitled to Privileges of Bona Fide Purchaser.*—A judgment creditor is not entitled to the privileges of a *bona fide* purchaser for value, and can not claim property in the hands of the debtor as against its true owner where it does not appear that any credit was granted in reliance on the debtor's supposed ownership of the property.

2. EVIDENCE—*Statements as to What is Expected to be Proved.*—This court can not pass upon an alleged erroneous ruling touching the introduction of evidence in the absence of information as to what was proposed to be proven by such evidence.

Replevin.—Appeal from the Circuit Court of Cook County: the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed March 24, 1898.

BULKLEY, GRAY & MORE, attorneys for appellant.

" The owner of property, may so surrender the possesion and control of it to another and so completely invest such other with the *indicia* of ownership as that he will be estopped to deny as against the right of third persons that such apparent owner is not the real owner." Benjamin v. Beeler, 67 Ill. App. 366.

The law is familiar that where the owner of property holds out another, or allows him to appear as the owner of, or as having full power of disposition over the property, innocent parties, or those led into dealing with such apparent owner or person having the apparent power of disposition, will be protected. Their rights in the last case do not depend upon the actual title or authority of the party with whom they have directly dealt, but they are derived from the act of the real owner, which precludes him from establishing as against them the existence of the title or power he caused or allowed to appear to be vested in the party upon the faith of whose title or power they dealt. Bigelow on Estoppel, Sec. 468; Higgins v. Ferguson, 14 Ill. 269; Donaldson v. Holmes, 23 Ill. 85; Schwartz v. Saunders, 46 Ill. 18.

JAMES R. WARD, attorney for appellee.

It is well settled, that the claim of a judgment creditor to protection, is not of equal strength with that of an innocent purchaser for value, and that a judgment creditor is not viewed in law in the light of an innocent purchaser. Schweizer v. Tracy, 76 Ill. 345.

The owner of property may loan or hire it to another, to be used by such other in his business, without subjecting it to seizure for the debts owing by the person to whom such property has been so loaned, and is so used. Montague v. Ficklin, 18 Ill. App. 99; Hutchinson v. Oswald, 17 Ill. App. 28; Havana P. D. Co. v. Ashurst, 148 Ill. 138.

No one can acquire a title to chattels from a person who himself has no title to them. He who hath no title can give none, and a sale by him, though he is in peaceable possession of the property with the consent of the owner, to an innocent purchaser, will not divest the title of such owner, unless he exhibited or voluntarily permitted the vendor to appear as the real owner, or clothed him with some *indicium* of ownership besides such possession. Fawcett, Isham & Co. v. Osborn, Adams & Co., 32 Ill. 425; Burton v. Curyea, 40 Ill. 329; Klein v. Seibold, 89 Ill. 540.

Mere possession in a vendor will not hold good against the true owner, and the true owner can pursue his property and recover it from a purchaser without notice. Klein v. Seibold, 89 Ill. 540.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

The appellant having recovered a judgment against A. Rodjaff, May 19, 1894, for the sum of $171.60, on the same day sued out execution thereon which, June 24, 1894, was levied on a horse and wagon, a set of harness and one strap and weight, as the property of A. Rodjaff. July 25, 1894, Samuel Levy, claiming to be the owner of the property so levied on, sued out a writ of replevin before a justice of the peace, which was served, and the property returned to Levy. Levy recovered judgment before the justice, and appellant

appealed to the Circuit Court, where the replevin suit was again tried by the court, without a jury, and the court found the issues for appellee, and rendered judgment accordingly.

The facts are substantially as follows: Appellee, Levy, bought the horse April 11, and the wagon April 13, 1893; he kept both horse and wagon from the time he purchased them until June 24, 1893, when they were levied on as above stated, in a livery stable rented by A. Rodjaff. The horse was boarded and the barn rent paid by Rodjaff, without pecuniary expense to Levy; but Levy testified that every day or two Rodjaff hauled for him, and that sometimes he, Levy, drove the horse on Sunday. Rodjaff testified that whenever Levy needed to ship goods, he went round to his office and shipped the goods.

Levy was engaged in the business of manufacturing cloaks and selling piece goods in Chicago, and Rodjaff was a peddler. Appellant was engaged in the business of selling spool silks, fabrics, etc., also in Chicago, and sold goods to Rodjaff, who peddled them to small notion stores in the city. Rodjaff's name was on the wagon, and also, in 1892, the number of Levy's place of business. Rodjaff used the horse and wagon in his peddling business from the time he purchased them until they were taken on the execution, with the exception of the occasional use of them by Levy. He drove the horse and wagon to appellant's place of business when he went there to purchase goods, and James K. Malcom, appellant's credit man, testified that he saw the horse and wagon there and that the wagon had the name " A. Rodjaff," on it.

Counsel for appellant contend that appellee, by permitting Rodjaff to have such possession and control of the horse and wagon as to indicate his ownership of them, is estopped to claim ownership as against appellant, and cite, in support of this contention, Higgins v. Ferguson, 14 Ill. 269; Donaldson v. Holmes, 23 Ill. 85; Schwartz v. Saunders, 46 Ill. 18, and Chickering v. Bastress, 130 Ill. 206.

In the first case, Higgins, the owner of a lot, went with

one Maloney to a lumber firm. Maloney applied to the firm to purchase lumber with which to erect a house on the lot. Higgins told the firm that Maloney was the owner of the lot, and the firm, relying on that statement, sold lumber to Maloney on a credit. Held, that Higgins could not successfully resist a mechanic's lien on the lot for the lumber so sold. The second and third of the above cases are substantially the same in principle. The case of Chickering v. Bastress, *supra*, on an expression in the opinion in which counsel rely, was not, in its facts, in the least analogous to the present case.

In O'Connor's Adm'x v. Clark (Pa.), 32 Atlantic Rep. 1029, cited by counsel, the owner of the wagon permitted another to use and control it, and hold himself out as the owner, and the latter sold the wagon to a third party, who purchased and paid for it in good faith. But in the present case, it does not appear that any credit was extended to Rodjaff, relying on his ownership of the wagon. It is difficult, therefore, to understand how the principle of estoppel can apply.

The theory of counsel for appellant seems to be that appellant is to be regarded as a *bona fide* purchaser for value. We do not so understand the law. In Schweizer v. Tracy, 76 Ill. 345, the court say: " The claim of an attaching creditor to protection is not of equal strength with that of a *bona fide* purchaser for a valuable consideration. He parts with nothing in exchange for the property, nor does he take it in satisfaction of any precedent debt. The property is merely seized for the purpose of having it afterward appropriated," and the court cites with approval Tousley v. Tousley, 5 O. St. 78, holding " that a judgment creditor is not a purchaser, nor entitled to the privileges of that position." See also Wilson v. Hakes, 36 Ill. App. 539; La Salle P. B. Co. v. Coe, 65 Ill. App. 619.

Appellant's counsel asked the witness, Malcom, the following questions:

Q. " What induced you, as the credit man of the Nonotuck Silk Company, to extend credit to the defendant in your case, A. Rodjaff ? "

Q. "Had you, prior to extending credit to Rodjaff, made any inquiry of him as to his financial standing and ability to pay?"

Q. "Had you had any talk with Mr. Rodjaff, prior or at the time you were extending him credit as to whether or not he was the owner of this horse and wagon that he came to your store with at the time he made purchases?"

The court sustained objections to these questions, and it is contended that this was error. Counsel for appellant, however, made no statement of what they expected to prove by the witness, nor did they offer to prove any fact. This was necessary in order to enable this court to determine whether the ruling was erroneous. Gaffield v. Scott, 33 Ill. App. 317; Cook v. Haussen, 51 Ill. App. 269; Chicago & A. R. R. Co. v. Shenk, 131 Ill. 283.

We find no error in the record.

The judgment will be affirmed.