## Lesh & Matthews Lumber Co. v. John Sedlaceck.

1. PRACTICE—*Propositions of Law Where a Cause is Tried Without a Jury.*—Propositions of law submitted to be held, where a cause is tried without a jury, should state the law only.

Assumpsit.—Appeal from the County Court of Cook County; the Hon. JOHN H. BATTEN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 11, 1902.

This was an action to recover the purchase price of certain lumber sold by appellant to the Filip & Raichart Manufacturing Company, which price it was claimed appellee, before the sale, promised in consideration thereof to pay.

Upon the trial there was evidence tending to show that the Filip & Raichart Manufacturing Company, being indebted to appellant for lumber and desiring to obtain more, appellee agreed to assume the account and pay the same partly in cash and partly in time notes, and that the old account was discharged. There was also evidence tending to show that appellee, being a stockholder and the treasurer of the Filip & Raichart Company, thereafter said that " if the Lesh & Matthews Lumber Company was willing to sell them lumber from time to time he would assume the account and see it paid." The lumber was charged on appellant's books to the Filip & Raichart Company and several notes therefor were given by it to appellant; these notes were indorsed by appellee and were paid. At the time of the failure of the Filip & Raichart Company it was owing appellant $692.48.

The cause was submitted to the court, jury being waived. The court found the issues for the defendant and entered judgment on such finding.

DANIEL V. SAMUELS, attorney for appellant.

GOLDZIER, RODGERS & FROEHLICH, attorneys for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the court.

The evidence is not such that we can say that the finding of the court is so at variance with the evidence that the judgment should be set aside.

The action of appellant after the promise it claims was made by appellee, in charging the goods to the Filip & Raichart Company and from time to time taking its notes therefor indorsed by appellant, was such that therefrom the court might find under the evidence, as it did, that the undertaking of appellee was within the statute of frauds.

The so-called propositions of law submitted to the court were not such as the statute contemplates.    They are requested to find from the evidence certain facts, and thereupon to find the issues for the plaintiff.    Propositions of law submitted to be held, where a cause is tried without a jury, should state the law only.    O'Bannon v. Vigus, 32 Ill. App. 473–500; Field v. Crawford, 146 Ill. 136; First National Bank v. Northwestern Bank, 152 Ill. 296; Fosselman v. Springfield, 38 Ill. App. 296; Alexander v. Alexander, 52 Ill. App. 195; Dwelling House Insurance Co. v. Butterly, 133 Ill. 534.

No propositions of law having been submitted, we find no error in the record here presented, warranting a reversal of the judgment of the County Court.    It is therefore affirmed.