## La Salle Pressed Brick Company v. Thomas W. Coe.
### Gen. No. 4,614.

1. REPLEVIN—*when cannot be successfully maintained.* One without title or right of possession cannot successfully maintain replevin against another who has taken personal property without right.

2. VERDICT—*disturbed with caution after third trial.* A verdict will not be disturbed upon the facts except with extreme caution where three juries have passed upon the cause and each has found the same way.

Action of replevin. Appeal from the Circuit Court of Livingston County; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed April 20, 1906.

H. H. McDOWELL, for appellant.

A. C. MORTON and R. B. CAMPBELL, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

This is an action of replevin brought by appellant against appellee for the recovery of 57,000 pressed brick. The case has been tried four times in the Circuit Court, once without a jury and three times with a jury. It has been twice before this court. La Salle Pressed Brick Co. v. Coe, 53 Ill. App. 506, and 65 Ill. App. 619. The facts in this record are substantially the same as they were in the former records when this case was before us. The first trial in the court below was before the court without a jury, and from a judgment there entered in favor of appellee the first appeal was prosecuted to this court. That judgment was reversed and the cause remanded, principally

for the reason that it was contrary to the weight of the evidence. The case was then again tried with a jury and resulted in a verdict and judgment for appellee. From that judgment appellant prosecuted an appeal to this court and the judgment was again reversed, this time on account of erroneous instructions given by the court on behalf of appellee. A subsequent trial by jury resulted in a verdict and judgment for appellee, which was set aside by the trial court. The last trial was by jury and again resulted in a verdict for appellee, upon which the court rendered judgment, and from that judgment this appeal is prosecuted. The first trial of this case was at the October term of the Circuit Court, 1893, and the last trial at the January term, 1905. It will thus be seen that this litigation has been pending for a long period of time.

Appellant's argument is principally devoted to the propositions, first, that the attachment proceedings under which the defendant as sheriff levied upon and claimed the property, were irregular and gave him no title to the property or right to its possession as against the claim of appellant. In the view we take of the case this is not important in determining the rights of the parties. Appellant claimed to own and be entitled to the possession of the property. It was incumbent upon it to prove this by a preponderance of the evidence. Its claim was that it had never sold the brick to Partello, but that he had procured them by fraud and misrepresentation and therefore the title never passed from appellant. If this claim was sustained by the evidence, in our opinion it would make no difference whether the attachment proceedings were regular or void. Schweizer v. Tracy, 76 Ill. 345; Samuel v. Agnew, 80 Ill. 553. If appellant had no right to the possession of the property, then it could not recover it in an action of replevin even against a person who had no title to the property and was wrongfully in possession of it. One of the errors assigned by appellant is that the court erred in giving each of the instructions given on behalf of appellee, but as this assignment is not insisted upon in the argument it is to be

deemed as waived. Keys v. Kimmel, 186 Ill. 109; Johnson v. Farrell, 215 Ill. 542. We have examined the other errors of law assigned and do not find anything in them that would justify a reversal on that account.

Second, it is earnestly insisted that the verdict and judgment are contrary to the evidence. As we have before said, that was the principal ground for the reversal of the judgment the first time this case was before this court. The evidence is practically the same in this record that it was then. The substance of the disputed testimony will be found in the opinion of the court then filed. It was there said: "The different letters to appellant from Partello were produced, which showed, apparently, that the bricks were being purchased by the Board of Trustees of the Reformatory. It is insisted on the part of appellee that the letters are not inconsistent with the idea that Partello was himself the purchaser, but only showed that he would, or could, not purchase them until inspected and accepted by the trustees. The letters, however, it seems to us, will not bear that construction. Some of them may be reasonably explained in that way, but not all." We have examined the letters referred to in the opinion of the court and all the other testimony, and while it would unquestionably support a verdict in favor of appellant, we cannot say that it is absolutely irreconcilable with a verdict in favor of appellee, and the case having been tried three times with a jury, since our utterance above quoted, each time resulting in a verdict in favor of appellee, and finding no errors of law that in our judgment would justify a reversal of the case, we believe it our duty to affirm this judgment, which is accordingly done.

*Affirmed.*