**Hudson-Manufacturing Company, Appellant, v. Wishart-Burge Machine Works, Appellee.**

**Gen. No. 16,992.**

1. Evidence—*use made of model machine.* In an action for damages from alleged improper construction of ice cream brine machines, where the machines are constructed after certain samples, it is improper to admit testimony as to use of a model constructed from blue prints before the samples were made, where it does not appear that such evidence is material.

2. Evidence—*contents of letter.* In an action for damages from the alleged improper construction of ice cream brine machines, where plaintiff attempted to show, by the testimony of a witness as to the contents of a letter written by defendant's customer, that one of the original machines returned to defendant by the cus-

302     APPELLATE COURTS OF ILLINOIS.

Hudson-Mfg. Co. v. Wishart-Burge Machine Wks., 177 Ill App. 301.

tomer was returned because the customer had gone out of business, the testimony was properly excluded.

3.  CONTRACTS—*damages for improper construction of machines.* In an action for damages from alleged improper construction of ice cream brine machines, where there is evidence that the machines failed to work because of defects in the plans furnished by plaintiff, it is not error to instruct the jury that if they believe the machines in question did not work successfully, and that their failure was due to their mechanical design and not to their workmanship, no basis for a claim for damages existed.

Appeal from the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed February 11, 1913.

LANNEN & HICKEY, for appellant.

ALDEN, LATHAM & YOUNG, for appellee; CHARLES MARTIN, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the plaintiff against the defendant for damages alleged to have been sustained by the alleged improper construction of six ice cream brine machines. It appears that the material was furnished by the plaintiff, and the manufacturing of the machines was done by the defendant. The amount claimed by the plaintiff was $5,000. A set-off was interposed by the defendant, based upon its claim for work done upon the machines. There was a verdict of a jury in favor of the defendant on its set-off in the sum of $211.59. The court required a remittitur from this amount of $100, and entered judgment for the balance.

This judgment we are asked to reverse upon the grounds, first, that it is against the weight of the evidence; second, that proper evidence was excluded; third, that an improper instruction was given.

The contract between the parties consisted of an

order by the plaintiff and acceptance of the same by the defendant. By the terms of the order the defendant was to build six machines of the same character as those built as samples under an order of the preceding month; the defendant was to furnish all the material, and the plaintiff to do all the machine and assembly work complete, at a given price. It was admitted by the plaintiff as we understand the record that if the machines were properly constructed, and the plaintiff not entitled to any damages because of defective construction, then there would be a balance due to the defendant for work done of $211.59.

We deem it unnecessary to discuss the facts of the case. Whether or not the machines were constructed the same as. the samples, whether or not the sample machines operated successfully and the new machines unsuccessfully, were questions for the jury to determine, and their finding in respect to them, having been subsequently approved by the trial court, in our opinion should not be disturbed as being against the weight of the evidence.

A witness for the plaintiff was asked the question: "Had that model machine been used?" It appears from the record that a model machine was constructed from blueprints before the so-called sample machines were made. The designer of the machine testified that in the model machine the dasher was found weak, and that the model after having been placed with an ice cream company for a test was taken back by the plaintiff. We think the court was justified in sustaining an objection to the question. Such evidence would seem to be immaterial, and no statement was made by the plaintiff of what he expected to prove. Cook v. Haussen, 51 Ill. App. 269.

An offer was made by the plaintiff to show that one of the original machines returned to the defendant by a customer, was returned because the customer had gone out of business. This was attempted to be shown by the testimony of a witness as to the contents of a

letter written by the customer. The testimony was properly excluded.

The court instructed the jury to the effect that if they believed that the machines in question did not work successfully, and that their failure so to work was due to their mechanical design or plan of construction, and not to the workmanship, no basis for a claim for damages against the defendant existed. The designer of the machine, who was a witness for the plaintiff, was allowed to give his opinion that a machine made according to the blueprints would work. There was testimony on the part of the defendant, by its foreman, that a machine could not be made according to the blueprints and be fitted together, and that the manager for the plaintiff, having had his attention called to defects in the plans, consented to changes being made. The jury, from other evidence in the case, might well have come to the conclusion that the machines were returned to the plaintiff because they failed to work successfully. The giving of the instruction was therefore, in our opinion, not erroneous.

The judgment will be affirmed.

*Affirmed.*