Harley D. Hanaman, Plaintiff-Appellee, v. John E. Davis and Elizabeth Davis, Defendants-Appellants.

Gen. No. 11,184.

Second District, Second Division.

January 16, 1959.

Released for publication February 3, 1959.

111

Berry & Simmons, of Rockford, for appellants.

Brown, Connolly & Paddock, of Rockford, for appellee.

PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

The defendants, John E. Davis and Elizabeth Davis, on October 22, 1954, gave to the plaintiff, Harley D. Hanaman, two chattel mortgages, one conveying a 1953 Oldsmobile, securing a note in the sum of $1,410

and the other conveying a 1950 International truck, securing a note in the sum of $1,500. Previously, on July 14, 1954, the defendants had given a chattel mortgage to Pearl Guse conveying, among other properties, the same automobile and truck conveyed to plaintiff and securing a note in the sum of $12,000.

On January 20, 1955, the plaintiff filed in the Circuit Court of Winnebago County a complaint in replevin. The replevin complaint alleges that the defendants wrongfully detained the 1953 Oldsmobile and 1950 International truck; that the vehicles were of the total value of $3,000; that plaintiff was lawfully entitled to possession; that defendants refused to deliver possession; that plaintiff had been damaged by the wrongful acts of the defendants in the sum of $200. Plaintiff prayed judgment that said vehicles be returned or that defendants pay the value thereof, $3,000, and for damages in the sum of $200 for the alleged wrongful detention. In the replevin action the Oldsmobile was seized. Defendants gave a forthcoming bond in the sum of $4,000 and the Oldsmobile was released to the defendants. On December 27, 1957, the court rendered judgment finding the issues in favor of the plaintiff and against the *defendant* and that the plaintiff was entitled to the possession of the 1953 Oldsmobile and that plaintiff was entitled to damages from the *defendant* for the wrongful detention of said property, or in the alternative, payment of the indebtedness secured by the chattel mortgage with interest, plus attorney fees and costs of suit. The judgment order provided as follows:

"It Is Therefore Ordered and Adjudged,

(1)   Either that defendant pay to the plaintiff the sum so owing, plus interest and attorneys fees, being a total of Two Thousand Seventy-nine and 8/100 Dollars ($2,079.08) within 30 days of the date hereof and the costs of this suit, on which sums execution shall issue.

113

(2)   Or defendant shall make return of the above-described property to the plaintiff forthwith, and shall pay to the plaintiff damages for the wrongful detention of said property in the sum of Two Thousand Nine Hundred Seventy-five Dollars ($2,975.00) and the costs of this suit, and that execution shall issue therefor."

From the foregoing judgment order defendants below have prosecuted an appeal to this court and contend that the judgment is not supported by the law or the facts, that the judgment is improper in form and that the judgment is not supported by the allegations in the complaint.  Although the matter was never clearly presented to the trial court, defendants contend that an action in replevin cannot be maintained because the previous chattel mortgage given to Pearl Guse conveying the same automobile and truck covered by the second mortgage subsequently given to the plaintiff had been foreclosed prior to the commencement of the replevin action herein.

■■   The judgment provided for the payment of $2,079.08 if the automobile should not be returned within thirty days. This was based upon one note and the interest thereon. The note, which is the subject of the judgment, is not described. There is no evidence as to the amount due on the two notes executed by the defendants except the notes themselves. There was no evidence of a computation of principal and interest on either note. The record is certainly not clear as to whether judgment was rendered on the $1,410 note or the $1,500 note. Interest on the former note could not have exceeded $275 and on the latter note $290. There was no provision in either note for the payment of attorney fees and there was no proof as to what constituted a fair and reasonable attorney fee under the provisions of the chattel mortgage. It is impossible for us to determine how the trial court arrived at the amount of the judgment. The evidence

114

in the record before us does not support the judgment. The judgment of the court in an action tried without a jury must be based upon evidence admitted in the case. It is essential to the sufficiency of findings of a court that they be sustained by the evidence. Lewis v. Westside Trust & Savings Bank of Chicago, 288 Ill. App. 271, 6 N.E.2d 481. Neither defendant is designated in the entire judgment order by name. The judgment is merely against "the defendant." There are two defendants in this case neither of which have been dismissed from it. A judgment should state in whose favor it is and against whom it is rendered. VanGundy v. Hill, 262 Ill. 162, 104 N. E. 147.

The judgment in this case, if the court found the issues for the plaintiff, should have been for the return of the property or for the reasonable value thereof and for damages for the wrongful detention thereof. Chapter 119, Illinois Revised Statutes, 1957. Such relief was prayed for in the complaint and is authorized by the Replevin Act. However, the above judgment rendered for the plaintiff authorizes a recovery on the debt or note, the judgment providing, in part: "that defendant pay to the plaintiff the sum so owing." There was no money judgment on the debt or note prayed for in the complaint and such is not authorized under the Replevin Act.

The plaintiff admitted that he had knowledge of the previous mortgage conveying the same property given by the defendants to Pearl Guse. The vital issue in this case is whether or not the plaintiff, being a second mortgagee, can secure a judgment in replevin against the second mortgagor when the mortgaged property has been taken under foreclosure by the first mortgagee and sold. We think clearly that the plaintiff cannot.

"Replevin" is a possessory action and the plaintiff must recover, if at all, on the strength of his own title or his right to immediate possession. Ogrod-

115

nik v. Capron, 332 Ill. App. 138, 74 N.E.2d 63. Thus one who has no right to the possession of property cannot maintain replevin even against a person who has no title to the property and is wrongfully in possession of it. LaSalle Pressed Brick Co. v. Coe, 126 Ill. App. 308. It is necessary in a replevin action that the plaintiff allege in his complaint and prove that he is lawfully entitled to the possession of the property sought to be replevined; that the defendant wrongfully detains said property and refuses to deliver possession thereof to the plaintiff.

The plaintiff alleged in his complaint in replevin filed herein that the defendants wrongfully detained the 1953 Oldsmobile and the 1950 International Harvester truck on which the plaintiff had a second chattel mortgage; that the plaintiff was entitled to the possession of said goods and chattels and that the defendant refused to deliver possession thereof to the plaintiff. If the prior chattel mortgage which was given by the defendants to Guse on said automobile and truck had been foreclosed by Guse, the first mortgagee, prior to the filing of the replevin action herein as is contended by the defendants, certainly the plaintiff, being a second mortgagee, would have no immediate right to the possession of the property in question and therefore could not maintain an action in replevin for said property.

Whether or not the first chattel mortgage held by Guse was in fact foreclosed and the property sold is not clearly presented in the record before us. The record discloses that the defendants asked leave of court to introduce evidence in support of their contention that the first chattel mortgage held by Guse had been foreclosed at the time the replevin action was instituted. The court denied this and denied leave to the defendants to file an amendment to their answer alleging the prior chattel mortgage and the foreclosure

116

thereof given to Guse on the same automobile and truck covered by the plaintiff's second mortgage.

██ ██ The trial court hearing a cause without a jury, has a wide discretion in the admissibility of evidence but that discretion should not be abused. People ex rel. Kessinger v. Burrell, 308 Ill. 600, 139 N. E. 865. We feel that the trial court should have permitted the defendants to amend their answer and should have admitted evidence concerning action on the first chattel mortgage, particularly in view of the fact that the plaintiff had actual knowledge of the first mortgage at the time of the execution of the second mortgage.

For the reasons herein stated, the judgment of the Circuit Court of Winnebago County is reversed and the cause is remanded for a new trial consistent with the views herein stated.

Reversed and remanded.

CROW and SOLFISBURG, JJ., concur.