R. G. LeTourneau, Inc., Plaintiff-Appellee, *v.* Quinn Equipment Company, Inc., Defendant-Appellant.

(No. 53941;

First District—November 19, 1970.

Halfpenny, Hahn & Ryan, of Chicago, (James F. Flanagan and Mary M. Shaw, of counsel,) for appellant.

Pope, Ballard, Kennedy, Shepard & Fowle, of Chicago, (Edmund W. Sinnott, Thomas J. Regan, and William B. Stukas, of counsel,) for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, R. G. LeTourneau, Inc., brought an action in replevin against defendant Quinn Equipment Co., Inc. After trial, the Circuit Court entered judgment finding that the right to possession of a certain piece of machinery belonged to plaintiff, and defendant appeals.

The parties had entered into a lease wherein plaintiff agreed to lease to defendant a "side porter," a piece of machinery used in loading and unloading trailers from railroad cars. The lease was to run for a term of three months beginning September 15 and ending on December 15, 1968. The lease recited a stated rental price, and provided for a purchase option allowing defendant to purchase the machine during or at the end of the lease period for net price less 88% of rentals paid in. The net price of the machine was $71,350.00; net price less 88% amounted to $62,110.00. The lease provided that time was of the essence. It also provided that the machine was to be returned to plaintiff within ten days after the termination of the lease period at defendant's expense.

Five days before the expiration of the lease, defendant notified plaintiff of its intention to exercise the purchase option, and stated that it would make payment upon plaintiff's presentation of documentation. Plaintiff replied that it would draft defendant's bank with the bill of sale attached, and requested that defendant furnish the name of its bank. Plaintiff repeated its request for the name of defendant's bank, and two days before the end of the lease period, defendant furnished the name of a bank. The lease expired on Sunday, December 15, 1968. The following morning, William Winters, plaintiff's agent, presented himself at the bank and met Frank Quinn, defendant's president. Winters had a sight draft and an executed bill of sale in his possession. Winters was directed by Quinn to see a certain bank officer, but despite constant attempts, was unable to see him. Winters informed the bank that plaintiff would have to be paid on that day. At no time during the day did defendant's agent or any bank representative state that defendant needed or expected additional time to make payment for the machine. Payment was not made. Defendant had no account in that bank on December 16. On that evening, Winters went to the job site and padlocked the machine. On the next morning, one of defendant's employees broke the locks and defendant continued to use the machine in its operation. Plaintiff obtained the writ of replevin on December 18, 1968, and a few days later, sold the machine to another party for $73,000.00.

At trial, Frank Quinn, president of defendant company, testified that he formerly had acted as plaintiff's local representative, and that payment within thirty days after a sale was customary in that business.

■■ The right to replevin is conditioned upon the right to possession

on the date upon which the writ was filed. *Hanaman v. Davis* (1959), 20 Ill.App.2d 111, 155 N.E.2d 344. Thus the issue presented in the instant case is which party had the right to possession of the machine on December 18, 1968, the date on which the writ of replevin was obtained. Defendant maintains that it was entitled to possession on that date, and advances two alternative theories in support of its contention: either that under the terms of the lease it was authorized to keep possession of the machine for a period of ten days after the least termination, or that it validly exercised the purchase option clause, thus entitling it to retain possession.

■■ Defendant first contends that under the terms of the lease it was entitled to keep possession of the machine for ten days after the expiration of the lease. It did not raise this issue in the trial court, but has made the argument for the first time on appeal. The Illinois courts have consistently held that a party cannot try a case on one theory in the trial court and on another theory in the court of review. *Lewy v. Standard Plunger Elevator Co.* (1921), 296 Ill. 295, 129 N.E. 775; *Robar v. Isham,* (1924), 310 Ill. 585, 142 N.E. 460. Moreover, even if defendant had not waived the issue, it would have to be rejected. Defendant concedes that at the end of the lease period its position changed from that of a lessee to that of a bailee for a special purpose. That special purpose was to deliver the machine to plaintiff. Defendant could not possibly be a bailee for the special purpose of redelivering the machine to plaintiff, and at the same time the right to withhold delivery from plaintiff by virtue of its position as bailee. The mere fact that defendant was given a ten day period within which to return the machine bestowed no right of use and custody of the machine as opposed to that of plaintiff. Upon the termination of the lease, the right of possession passed to plaintiff.

Defendant next contends that it had validly exercised the purchase option clause of the lease agreement, thus entitling it to retain possession of the machine. While conceding that it had not made payment before the termination of the lease term, defendant argues that the custom and usage of business entitled it to a reasonable time to make payment after the expiration of the lease period. Defendant further argues that since plaintiff did not wait for a reasonable time, it was not in default on payment and that plaintiff was not entitled to replevy the machine.

■■ In reaching the conclusion that defendant was not entitled to possession of the machine, we consider it unnecessary to determine whether defendant had validly exercised its option to purchase the machine. Even if defendant had effectively exercised the option, a contract of sale would have been created between the parties, and that contract would be governed by the provisions of the Uniform Commercial Code, Ill. Rev. Stat.

ch. 26 (1969). Section 2—310 of the Code provides in part as follows: "Unless otherwise agreed

\* \* \*

(c) if delivery is authorized and made by way of documents of title \* \* \* then payment is due at the time and place at which the buyer is to receive the documents regardless of where the goods are to be received; \* \* \*."

Section 2—208(2) provides:

(2) "The express terms of the agreement and any such course of performance, as well as any course of dealing and usage of trade, shall be construed whenever reasonable as consistent with each other; but when such construction is unreasonable, express terms shall control course of performance and course of performance shall control both course of dealing and usage of trade."

Thus, by statute in Illinois, unless specifically provided otherwise in the contract, payment of the purchase price to a seller is due upon delivery. In the instant case, it is obvious that both parties contemplated that payment of the purchase price would be due immediately upon the expiration of the lease. After being notified that defendant intended to exercise the purchase option clause, plaintiff on December 10, 1968 informed defendant that it would draft the latter's bank with bill of sale attached. On the same date, defendant advised the plaintiff that it would make payment of the purchase price upon presentation of the proper documentation by plaintiff. Thereafter plaintiff persisted in learning the name of defendant's bank, presented itself at the designated bank with the instruments for negotiation, and again made defendant aware that payment was due immediately. At no time on that date or during any prior communications did defendant express any belief that it would have time after the expiration of the lease to tender payment. In fact, all of defendant's actions clearly reveal that it understood that payment was to be made immediately upon the termination of the lease. The lease agreement itself recited that time was of the essence.

At trial defendant's president testified that when he acted as plaintiff's representative, payment within thirty days by a customer after sale was customary. Even if that testimony was sufficient to establish course of prior dealings or usage of trade, the statute, as we have noted, provides that course of performance controls course of prior dealings and usage of trade in the construction of the agreement of parties. In the case at bar, the course of performance between the parties clearly indicates that payment of the purchase price was to be made by defendant immediately.

Therefore we find that the trial court properly awarded the writ of replevin to plaintiff, and the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and SCHWARTZ, J., concur.